699 So.2d 1099 (1997)
Susan Gail HESTER
v.
William Ewing HESTER, III.
No. 97-C-1250.
Court of Appeal of Louisiana, Fourth Circuit.
September 3, 1997.
Rehearing Denied September 30, 1997.
William E. Hester, III, New Orleans, Relator in pro per.
Robert C. Lowe, Ellen Widen Kessler, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, for Respondent.
WALTZER, Judge.
WRIT DENIED. A party who seeks modification of an alimony award must show a change in the circumstances of a party from the time the alimony was fixed. Huber v. Huber, 499 So.2d 1263, 1264 (La.App. 4th Cir.1986). On the showing made, we find no error in the trial court's finding that relator failed to prove a substantial change from the time of the alimony award complained of, and failed to provide evidence as to whether respondent is no longer in need of alimony.
*1100 Respondent seeks relief in the form of sanctions for what she characterizes as relator's "war of attrition" waged against her and their children for the past nine years. We find from the record herein and the extensive reported history of this domestic litigation that relator has used his position as an attorney to cause respondent to incur substantial legal fees and costs in her largely successful effort to defend the economic rights of the parties' variously disabled children and her own right to temporary and permanent alimony. See, for example, Hester v. Hester, 592 So.2d 13 (La.App. 4th Cir.1992), denying relator's writ applications; Hester v. Hester, 594 So.2d 1324 (La.1992), denying relator's writ application; Hester v. Hester, 93-1665 (La.App. 4 Cir. 9/15/94), 643 So.2d 216, in which a divided court reduced respondent's alimony; however, the Louisiana Supreme Court granted writs, reversed the judgment of the appellate court and reinstated the trial court's award in Hester v. Hester, 94-2575 (La. 12/19/94), 647 So.2d 1095, and denied relator's application for writs in Hester v. Hester, 94-2549 (La. 12/19/94), 648 So.2d 404.
The following reported history of the litigation through 1994 is illustrative:
The trial court [in Hester v. Hester, 90-CA-0930 (La.App. 4th Cir.1992)] found in favor of Mrs. Hester in all respects, granting a legal separation on the grounds of cruel treatment by Mr. Hester, finding her free from fault in the dissolution of the marriage, finding Mr. Hester to be at fault, and awarding her custody of the three children of the marriage, alimony pendente lite and child support.... The trial court also found that Mrs. Hester's signature on a marriage contract which abrogated the community property regime, relied upon by Mr. Hester, was obtained through his fraudulent misrepresentations and suppression of truth, and the marriage contract was rescinded. Id. ...
By amended judgment, the trial court ordered Mr. Hester to pay $1650 monthly child support retroactive to 26 April 1989 and alimony pendente lite of $750 per month plus 30% of his after-tax law firm bonus as child support and 25% of the after-tax bonus as additional alimony pendente lite retroactive to 26 April 1989. In addition, Mr. Hester was ordered to pay the mortgage on the family home, insurance on family cars, church and school pledges ..., tuition and tutoring expenses for the severely disabled daughter, counseling for Mrs. Hester and the two Hester daughters, repair, maintenance and gas for the family cars, after school care and summer camp for the children, insurance premiums, major medical and hospitalization insurance for the family members.
Mr. Hester appealed this judgment, and this Court affirmed. Id. The Louisiana Supreme Court denied Mr. Hester's application for writ of certiorari or review in Hester v. Hester, No. 92-C-0443, on 26 March 1992.
It appears that Mr. Hester, from his advantaged position as an affluent attorney, continues to use the judicial process to wage a war of attrition against his own family and his former wife.
Hester v. Hester, 93-1665 pp. 3-7 (La.App. 4 Cir. 9/15/94), 643 So.2d 216, 224-25, dissenting opinion of J. Waltzer.
The record below demonstrates a regrettable pattern to Mr. Hester's actions in this litigation, and a use of the judicial process to follow his original fraud, misrepresentation and suppression with further oppression of his former wife and family.... Mrs. Hester was forced to go back into the trial court to enforce Mr. Hester's obligations under the first judgment, and was required to defend a rule to reduce alimony and support based on a change of circumstances, although the record failed to show that his situation had been reduced or that her economic status had improved. The evidence was, in fact, to the contrary.... Mr. Hester's tuition expense was substantially reduced while his income increased; Mrs. Hester's income decreased by nearly a fourth; upon these changed circumstances, Mr. Hester sought to have his financial obligation to his wife and children REDUCED....
Id., at footnote 2.
Mr. Hester required issuance of a court order before he would pay to send his children to summer camp as previously ordered, *1101 or co-endorse and deposit their $3,794 income tax refund in order that the parties would not continue to lose interest on this community asset. The record also shows Mrs. Hester's motion to hold Mr. Hester in contempt for having failed to pay the alimony pendente lite portion of his law firm bonus as required by the trial court's judgment. Mrs. Hester was also burdened with the necessity of bringing a successful motion to quash a burdensome request for irrelevant financial documents. Mr. Hester refused to agree to a schedule of visitation with his children, requiring his wife to file a motion to attempt to provide some certainty for the children regarding his visitation, and make yet another plea to the trial court. Id.
In Hester v. Hester, 96-0189 pp. 3-8 (La. App. 4 Cir. 9/11/96), 680 So.2d 1232, 1234-36, writ denied 96-2452 (La. 12/6/96), 684 So.2d 933 and writ denied 96-2468 (La. 12/6/96), 684 So.2d 934, relator's appeal, inter alia, of the trial court's imposition of sanctions against him in the amount of $7500, the majority noted actions taken by relator in 1995 consistent with this pattern of abuse of the system.
When relator attempted to terminate his support of his severely disabled eldest daughter, respondent was appointed administratrix pro tempore and provisional curatrix of the daughter's estate. This Court set aside the appointment and remanded the matter to the trial court, having found that the disabled daughter's appointed counsel had not been served with citation of process until after the trial court had made its appointment of respondent. On remand, the trial court again appointed respondent and imposed sanctions against relator. Relator again appealed the appointment and award. These appeals are now pending in this Court (97-CA-1272 and 97-CA-1326). Respondent suggests in brief that she has recently received yet another notice of appeal, this time from a trial court ruling of 9 June 1997 denying relator's most recent request to reduce alimony.
The signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. La.C.C.P. art. 863 B. If, upon motion of any party or on its own motion, the court determines that a certification has been made in violation of the provisions of La. C.C.P. art. 863, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee. La. C.C.P. art. 863 D. Such a sanction shall be imposed only after a hearing at which any party or his counsel may present relevant evidence and argument. La.C.C.P. art. 863 E.
This Court imposed sanctions in circumstances similar to those of the present case. Sanctions consisting of attorney's fees and costs were awarded upon a finding of the onerous nature of the proceedings, efforts to complicate, confuse and obfuscate the proceedings by the attorney husband, the gravity of the transgression and the remorseless intransigence of the attorney husband and his counsel in their "persistent efforts to justify the unjustifiable." Zatzkis v. Zatzkis, 632 So.2d 302, 306 (La.App. 4th Cir.1993), writs denied 94-0160 and 94-0976 (La. 6/24/94), 640 So.2d 1340. This Court rejected the suggestion that it is limited to imposition of sanctions only in cases of frivolous appeals, noting that since appeals are favored in Louisiana appellees can only rarely convince the Court that an appeal is frivolous. The Zatzkis court held that this is not an adequate remedy where, as here, the trial court had already determined the conduct of the attorney husband and his counsel was sanctionable. The same public policy that drives imposition of sanctions in the trial court and on direct appeal applies as well to require this Court to impose sanctions under similar circumstances where the harassment and delay *1102 is effectuated by application for supervisory review.
In light of the continued pattern of harassment and delay engaged in by relator, we find that his actions in this Court justify the award of sanctions. We have reviewed the materials submitted in support of the application for supervisory relief and the response thereto prepared by counsel for respondent. Based upon our review of these materials against the historical background of this litigation, we find that an award of sanctions against relator and in favor of respondent in the amount of $2000 plus the costs of these proceedings is reasonable.
IT IS ORDERED that relator pay to respondent the full sum of $2000 as sanctions in connection with his application for supervisory writs herein.
IT IS FURTHER ORDERED that this matter is REMANDED to the trial court for a hearing to determine the appropriate amount of sanctions, representing respondent's legal fees and costs incurred in defending this matter in the trial court.
WRIT DENIED WITH SANCTIONS IN THE AMOUNT OF $2000 PLUS COSTS. REMANDED FOR AWARD OF SANCTIONS IN TRIAL COURT.
JONES, J., concurs in part; and dissents in part.
JONES, Judge, concurring in part; and dissenting in part.
I concur in that part of the judgment denying relator's writ application. However, I dissent from the majority's imposition of sanctions against the relator for filing a frivolous writ application.