JjBAGNERIS, J.
This appeal arises from a judgment of the trial court ordering the payment of $2000.00 in contempt of court sanctions and the incarceration of a witness until such time as he provided deposition testimony. For the reasons set forth below, this Court agrees with the decision of the trial court and affirms its decision.

Statement of Facts

The complicated facts of the appeal arose from a lawsuit originally stemming from an automobile accident. Terry Johnson (“Johnson”) filed suit against Tommy T. Nguyen, John Nguyen and State Farm Mutual Automobile Insurance Company (“State Farm”), seeking damages as a result of an automobile accident. Johnson claimed that he had suffered injuries as a result of this accident, and sought treat- ' ment for his alleged injuries from Dr. Earl Stewart (“Stewart”). Treatment was furnished by Stewart at the American Medical Group’s offices in New Orleans, where the doctor was practicing at the time. Stewart has since moved to Vicksburg, Mississippi.
As a central part of its defense of this case, State Farm repeatedly attempted to depose Stewart, beginning in 1998. The first attempt to depose Stewart was to hbe on January 28, 1998. Stewart was served on November 4, 1997. On January 7, 1998, State Farm filed a Notice of Deposition changing the location of the deposition from New Orleans to Tallulah, Louisiana (the location of Stewart’s office at the *372 time). Stewart was personally served on January 20, 1998. Stewart did not appear for this scheduled deposition, claiming that he had been unavailable for the deposition due to the recent death of his mother-in-law.
On January 22, 1998, Stewart’s attorney, Jesse Clarence Brown (“Brown”), filed an Exception of Lack of Personal Jurisdiction. State Farm’s attorney of record maintains that it was never served with this pleading, either by mail or through the sheriffs office. On February 17, 1998, Brown filed an Amended Exception of Lack of Personal Jurisdiction. Through this pleading, Brown averred to the trial court that the State of Louisiana had no power to subpoena a person who is employed within the state. In addition, Brown revealed that Stewart’s mother-in-law had in fact died on January 6, 1998, twenty-two days before the scheduled deposition.
State Farm’s attorney received this amended exception on February 23, 1998, and immediately moved to continue the hearing that had been set for February 27, 1998. This motion to continue was granted on February 27,1998.
As a result of Stewart’s failure to appear for his deposition on January 28, 1998, State Farm filed a motion to compel his deposition. The trial court set a hearing on this motion for May 8, 1998. Stewart was personally served on April 16, 1998, and Brown was personally served on April 21, 1998. Brown filed a Memorandum in Support of Exception and Amended Exception of Lack of Personal Jurisdiction and Opposition to State Farm’s Motion to Compel. This was filed on the morning of May 8, 1998, the very date that had been set for the hearing |3on the motion to compel. Following a hearing, the trial court denied Stewart’s exception and ordered Stewart to appear for his deposition on June 12, 1998 at his office in Tallulah, Louisiana.
On May 11, 1998, Brown filed a Motion for New Trial and Protective Order. The trial court denied this motion on May 27, 1998. Stewart was personally served regarding the June 12 deposition on May 22, 1998, and Brown was personally served on May 18,1998.
Three days before the scheduled deposition, Brown filed a Petition for Suspensive Appeal and Ex Parte Motion for Stay regarding State Farm’s Motion to Compel and the trial court’s decision ordering Stewart’s deposition. The judge pro tem-pore granted this petition. Brown failed to inform the judge pro tempore of the trial court’s denial of the protective order and failed to furnish a copy of the record to the judge pro tempore. This decision of the judge pro tempore was recalled the next day, June 10, 1998, by the trial judge assigned the case. The trial court determined that the granting of the suspensive appeal was erroneous, as no suspensive appeal can be taken from an interlocutory order.
On June 11, 1998, Brown filed a Petition for Remedial Writs of Certiorari and an Ex Parte Motion to stay with this Court. Brown notified State Farm’s attorney of this petition at 5:05 PM, thereby preventing State Farm from filing an opposition that day. This Court granted Brown’s request for the stay on June 11, the day before the scheduled deposition. This Court granted Brown’s request for the stay on June 11, the day before the scheduled deposition. This Court denied the petition and motion the next day, but it happened too late for State Farm’s attorney to depose Stewart at the scheduled time on June 12. On Jun 19, 1998, State Farm attempted to depose Dr. Stewart in his office in Tallulah, Louisiana, but was unsuccessful again.
*373 14As a result of the actions detailed above, the trial court held Stewart in Contempt of Court and ordered his arrest until such time as he agreed to give his deposition. It is from this decision that Stewart appeals. Additionally, State Farm has filed a motion with this Court seeking sanctions against Brown for filing frivolous appeals.

The Applicable Law

A trial court has wide discretion in deciding whether to impose sanctions for failure to comply with discovery orders. The trial court’s decision to impose sanctions as well as its choice of sanctions will not be reversed absent an abuse of discretion. See Moody v. Moody, 622 So.2d 1376 (La.App. 1 Cir.1993).
The Louisiana Code of Civil Procedure authorizes contempt of court sanctions in certain circumstances. La. C.C.P. Art. 221 defines contempt of court as “any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.” La. C.C.P. Art. 224 describes certain actions, which constitute constructive contempt of court. Among these actions is the “willful disobedience of any lawful judgment, order, mandate, writ, or process of the court”, and any act or omission “intended to obstruct or interfere with the orderly administration of justice or to impair the dignity of the court or respect for its authority.” See La. C.C.P. Art. 224(2), (10).
The failure to appear for a deposition pursuant to a properly served subpoena is a contumacious act, which is properly punishable by the trial judge under La. C.C.P. Art. 225. See Bernard v. State Farm Mutual Ins. Co., 98-2509 (La.App. 4 Cir. 6/30/99); 742 So.2d 609, 614. Furthermore, La.C.C.P. Art. 226 provides that a | [pudge may call for the imprisonment of a person charged with contempt if the contempt consists of the omission to perform an act which is in the power of the person charged to perform.
Under LSA R.S. 13:4611, a trial judge may impose the following sanctions on a person charged with contempt of court: 1) for a deliberate refusal to perform an act which is yet within the power of the offender to perform, by imprisonment until he performs the act; and 2) for any other contempt of court, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.
Sanctions may also be properly imposed when court proceedings are initiated merely to cause delay or harassment to the other party to the suit. Under La. C.C.P. Art. 863, any attorney certification made with an improper purpose (such as to harass, to cause unnecessary delay, or to increase the cause of litigation) can cause the attorney or the party that he represents to be subject to sanctions. The sanction may include an order to pay the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney’s fees. See La. C.C.P. Art. 868(D). This Court has utilized this code article to impose sanctions in connection with an application for supervisory writs. See Hester v. Hester, 97-C-1250 (La.App. 4 Cir. 9/3/97); 699 So.2d 1099. In Hester, this Court affirmed the trial court’s decision to impose sanctions, considering the continued pattern of harassment and delay engaged in by one of the parties. See Hester, at 1102.
The Louisiana Code of Civil Procedure sets out the procedures for taking depositions. Article 1436 provides that unless the court orders otherwise, the parties may by written stipulation provide that depositions may be taken before any *374 | fiperson, at any time or place, upon any notice, and in any manner and when so taken may be used like other depositions, and modify the procedures provided for other methods of discovery. A witness who is a nonresident of this state, but is temporarily in this state, may be required to attend an examination to take his deposition only in the parish where he is served with a subpoena or at such other convenient place as may be fixed by order of court. See La. C.C.P. Art. 1J/.36; see also Bernard, at 612. La. C.C.P. art. 1437 further provides that after the commencement of an action, any party may take the testimony of any person, including a party, by deposition upon oral examination. The attendance of witnesses may be compelled by the use of subpoena as for witnesses in trials.
In Bernard, this Court concluded that a non-party witness who is a former resident of Louisiana, who previously treated plaintiff car accident victims in Louisiana, then moved to another state, but continued to practice medicine in Louisiana, could be compelled to testify in the parish in which he was served. See Bernard, at 612. The Bernard court distinguished this case from the Louisiana Supreme Court’s decision in Phillips Petroleum v. OKC Ltd., 634 So.2d 1186 (La.1994). In Phillips Petroleum, the Supreme Court concluded that Louisiana’s Long-Arm Statute does not extend subpoena power of the Louisiana courts beyond state lines, and therefore cannot be used to compel a non-resident, non-party witness to attend a deposition in Louisiana. The Phillips decision, however, does not apply to those non-party witnesses who are temporarily present in Louisiana for work-related business.

\ .ANALYSIS

The facts of the instant case are strikingly similar to those of Bernard. In fact, Dr. Stewart, his attorney, Jesse Clarence Brown, and State Farm are involved in the same capacities in the instant case as they were in Bernard. In Bernard, Dr. Stewart was fined $600.00 in contempt of court sanctions for his failure to appear for a deposition scheduled by State Farm, for which the court had previously issued a subpoena compelling his attendance. The deposition was scheduled for January 1998, the identical time frame as for the first deposition in the instant case. According to the judgment rendered by this Court in Bernard, the fact that Dr. Stewart no longer resided in Louisiana as of January 1998 was not an effective defense to the contempt of court sanction. Using La. C.C.P. Arts. 1436 and 1437 as authority, this Court concluded that because State Farm met the requirements of the articles, the trial court properly compelled Stewart to attend the deposition in Tallulah, La., where he was currently practicing medicine. See Bernard, at 612.
The record clearly shows Dr. Stewart’s obvious attempts to evade his deposition in this ease. Through his counsel, Dr. Stewart failed to appear for depositions and filed numerous appeals with the courts, which were at best, frivolous, and at worst, a carefully orchestrated manipulation of the legal process.
In the instant case, State Farm attempted to depose Dr. Stewart in his office in Tallulah, La. on June 19, 1998. While State Farm’s attorneys were in transit on that day, Dr. Stewart faxed a letter to the counsel’s office stating that he would be unavailable for the deposition to be taken that afternoon. Upon arriving at Dr. Stewart’s office, State Farm’s attorneys found the office locked and vacant. This was Dr. Stewart’s third failure to attend the deposition. Though, Dr. Stewart denies 1 ¡¿his, the record clearly shows that he *375 was personally served with a subpoena and a notice of deposition on June 16, 1998.
The trial court has vast discretion in its determination to impose sanctions for contempt of court. Dr. Stewart failed three times to appear for his depositions. Considering the circumstances of this case and Dr. Stewart’s repeated attempts to evade the deposition, the trial court was well within its discretion under La. C.C.P. Art. 225, and its precedent in Bernard.
State Farm alleges that this is a frivolous appeal and that sanctions should be imposed for it. Among other things, Dr. Stewart alleges that he should have been given seven days notice prior to the issuance of the subpoena and that he has at least fifteen days to respond to it. The statutes that Dr. Stewart cites as the authority for this position deal with the production of medical records, not with attendance at a deposition. This Court in Bernard refuted this identical argument. Dr. Stewart, through his same counsel, has now brought this identical argument twice before this Court. This is obviously not in good faith, and there is no excuse for it.
Additionally, Dr. Stewart maintains that he should not have been compelled to attend a deposition at his own office in Tallu-lah. La. C.C.P. Art. 1352 provides that a witness who resides in or is employed in Louisiana may be subpoenaed to attend a deposition. Therefore, Dr. Stewart could be fairly compelled to give a deposition where he is employed. Interestingly enough, this Court came to the same conclusion regarding the identical argument in Bernard.
Considering the striking similarities between the instant case and Bernard, and the egregious nature of Dr. Stewart’s evasion of the discovery process, sanctions for a frivolous appeal are warranted in the instant case. The legal issues | ¡presented in this appeal are identical to those, which have been previously resolved by this Court. Through his continued disregard of properly issued subpoenas and his reliance on arguments that have already been resolved by this Court, Dr. Stewart and his attorney have caused State Farm to unnecessarily incur expenses totaling $11,442.00.
Under La. C.C.P. Art. 2164, damages for frivolous appeal are warranted when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that the appellant’s counsel does not seriously believe in the position that he advocates. It is entirely unreasonable that an attorney can believe that his position is reasonable when the court to which he is appealing has already decided the identical issues and he was counsel for the appellant in the previous appeal. To allow this type of action would be equivalent to a total disregard for this Court’s own precedent, and for the integrity of the legal system as a whole, it cannot be tolerated.
Considering the circumstances of this ease, as well as the fact that this appeal fits within all three circumstances for the imposition of sanctions for frivolous appeals, sanctions should be imposed in this case.
[ ^CONCLUSION
Dr. Stewart’s actions in disregarding subpoenas for his deposition as well as his filing of numerous pleadings led the trial court to impose sanctions for contempt of court. Considering the circumstances of this case, as well as the vast discretion given to trial courts in this area, this Court affirms the decision of the trial court imposing contempt of court sanctions.

AFFIRMED.

MURRAY, J., concurs with reasons.