ON SUPERVISORY WRIT FROM THE CRIMINAL DISTRICT COURT, PARISH OF ORLEANS hi respectfully dissent and would have granted the wrii and ordered a stay of the proceedings to five this issue the closer scrutiny it warn mts in this second degree murder case. Generally, a witness’s refusal to testify despite a court order to do so is punishable for contempt, as the court imposed here. Cf La. C.C.P. art. 226 (“When a contempt of court consists of the omission to perform an act which is yet in the power of the person charged with contempt to perform, he may be imprisoned until he performs it, and in such a case this shall be specified in the court’s order.”); see also Johnson v. Nguyen, 00-1148, p. 8 (La. App. 4 Cir. 7/11/01), 793 So.2d 370, 375 (“The trial court has vast discretion in its determination to impose sanctions for contempt of court.”), writ not considered, 01-2790 (La. 1/4/02), 805 So.2d 1195. A district court’s authority to control the proceedings and punish for contempt also includes other necessary and reasonable steps to ensure the administration of justice, including the possibility of granting a stay. See, e.g., Yates v. United States, 355 U.S. 66, 73, 78 S.Ct. 128, 133, 2 L.Ed.2d 95 (1957) (“The management of the trial rests with the judge and no party can be permitted to usurp that function.”); Sapp v. Commonwealth, 263 Va. 415, 559 S.E.2d 645, 650 (2002) (“While it is the litigants’ responsibility to produce the evidence, appropriate judicial pressure should be 12employed to test the resolve of the witness. ... ”); United States v. Panza, 612 F.2d 432, 438-39 (9th Cir. 1979) (“Just as the judge necessarily has discretion to control the form and scope of cross-examination, so he must have discretion to order a witness to answer a proper question. Where the court’s order is defied, appropriate sanctions must be invoked. There are no inflexible rules to guide the court’s discretion. The propriety of a given sanction will vary with the circumstances.”). See also State v. Bertrand, 381 So.2d 489, 491 (La. 1980) (“The grant or denial of a recess is largely within the discretion of the trial court.”); State v. Gordy, 380 So.2d 1347, 1355 (La. 1980) (trial judge has “much discretion in determining whether to grant a recess in order that the proceedings be conducted with dignity and in an orderly and expeditious manner.”).