SAMUEL, Judge.
On the application of the defendant-relator, Police Association of Louisiana, Teamsters Local No. 253, we granted a writ of certiorari for the purpose of determining the validity of a March 6, 1979 judgment which found that defendant guilty of contempt of court and sentenced it to pay a fine of $600,000.
The contempt proceeding arises out of a strike by New Orleans policemen, most of whom belong to the defendant union. Also cited for contempt were numerous individual policemen and the officers and board of directors of the defendant union. At the request of the respondent City, contempt charges against all individual defendants, except those who were members of relator’s board of directors, were dismissed. Subsequently, the trial court maintained a motion to quash and/or dismiss the contempt charges against those board members, thus leaving the union itself as the sole remaining defendant.
Relator was charged with violating a temporary restraining order and a subsequent preliminary injunction which, in essence, enjoined relator, its officers and directors, and all other employees of the Department of Police of the City of New Orleans from directly or indirectly causing, inducing, leading and directing employees of the Department of Police to engage in strikes, work stoppages or actions in the nature of refusals to perform their regular or emergency duties. With reference to relator, in pertinent part the preliminary injunction provided:
“. and that the defendants named herein [including relator] immediately take all necessary steps within their powers to undo what they have already done in causing, inducing, leading, or directing employees of the Department of Police from engaging in such strikes, work stoppages, or actions in the nature of refusals to perform their regular or emergency duties, by directing and/or ordering all members of the New Orleans Police Department to stop, cease and desist all strikes, work stoppages, or actions in the nature of refusals to perform their regular or emergency duties, . . . ”
In a per curiam decision concerned with the same strike as the one in suit this court pointed out that the above quoted part of the judgment does not, as was argued by the union, direct individual policemen to return to work; it only orders the union *640 and its named officers to direct its members to return to work.[1]
In this court relator argues the trial court erred in: (1) finding relator guilty of contempt in that the record “fails to support a finding that the Union was and/or acted in willful disobedience of the lower court’s orders as construed by the Court of Appeal, Fourth Circuit”; and (2) alternatively, imposing a fine which was in excess of the limitation authorized by law. Relator makes other alternative assignments of error, but because of our conclusion on the second assignment a consideration of the others is unnecessary.
Our reading of the record satisfies us that the trial judge was correct in finding relator guilty of contempt.
In connection with the second assignment, the respondent City contends the fine of $600,000 clearly was justified under the facts of the case. We do agree it is obvious that the actions of the union, even measured in dollars alone, caused losses far in excess of the amount of the fine and that a materially smaller fine would most certainly be no deterrent to future actions by organizations or associations which illegally choose to disregard valid court orders. If the fine imposed were a legal one, i. e., within the authority of the trial court, we would affirm. However, all persons, especially the courts, must follow the law and, while we take this position with considerable reluctance, we must agree with relator’s second assignment. Respondent’s contention is a timely and appropriate subject for consideration by the legislature, but it is not one which addresses itself to the courts.
In our view, the only authority the trial court had with regard to penalty for this contempt is contained in, and limited by, Code of Civil Procedure Article 227 and Revised Statute 13:4611. The article reads:
“A person may not be adjudged guilty of a contempt of court except for misconduct defined as such, or made punishable as such, expressly by law.
The punishment which a court may impose upon a person adjudged guilty of contempt of court is provided in R.S. 13:4611.” LSA-C.C.P. Art. 227.
In pertinent part, R.S. 13:4611 provides:
“Except as otherwise provided for by law:
(A) The supreme court, the courts of appeal, the district courts, family courts and city courts may punish a person adjudged guilty of contempt of court therein, as follows:

(2) For disobeying or resisting a lawful restraining order, or preliminary or permanent injunction, by a fine of not more than five hundred dollars, or by imprisonment for not more than six months, or both.” LSA-R.S. 13:4611.
Thus, under the facts of this case the above quoted revised statute limits the court to imposing a fine of not more than $500 for disobeying or resisting the lawful temporary restraining order or preliminary injunction. The trial judge used that $500 figure in reaching the $600,000 amount of the fine. He did so by multiplying $500 by 1,200, the latter figure being his estimate of the number of union members who jointly and in their collective capacities had violated the temporary restraining order and preliminary injunction.
Respondent argues this is a proper procedure in arriving at the fine imposed in that the members of the union (an unincorporated association) have a dual capacity as shown by the fact that they may be sued either as individuals or as members of their association and where an'action is brought against such members as individuals only, that action has not been considered sufficient to bring the unincorporated association itself before the court.[2] Respondent further argues the legislature could not have intended a labor union’s disobedience of a lawful court order would be subjected merely to a fine of $500.
*641 We cannot agree with these respondent arguments. All individual members of the union were dismissed from the contempt proceedings brought against them[3] and Code of Civil Procedure Articles 689 and 738 specifically provide that an unincorporated association has the procedural capacity to sue and to be sued in its own name. Thus, there is only one defendant in the contempt proceeding now before us. That defendant is the relator, the “person” referred to in the above quoted Article 227 and R.S. 13:4611. Regardless of how small the maximum amount of the fine permitted by that article and that statute may be by comparison to what would be a more appropriate amount in light of the contempt committed here, the courts are bound by that maximum amount.
For the reasons assigned, the $600,000 fine imposed by the trial court judgment of March 6, 1979 is annulled and sot aside and this matter is remanded to the trial court for the sole purpose of fining relator in accordance with law and with the views expressed in this opinion.
FINE ANNULLED AND SET ASIDE AND MATTER REMANDED.

. City of New Orleans, et al. v. Police Association of Louisiana, Teamsters Local No. 253 (footnote 3), 339 So.2d 188, 1979.

. Citing Douglas Public Service Corp. v. Gaspard, 225 La. 972, 74 So.2d 182.

. As has been pointed out, the dismissals of the defendant policemen, other than those who were members of relator’s board of directors, were the direct result of the City’s request to dismiss; and those board members who were not included in the City’s request were dismissed by the trial court on their motions to quash and/or dismiss.