SAMUEL, Judge.
On application of relator, a former court reporter for the Civil District Court for the Parish of Orleans, we granted certiorari to determine the validity, of judgments of contempt rendered against him for failure to timely file transcripts of court proceedings. These proceedings arise out of a rule by Judge Steven R. Plotkin and an en banc rule of the judges of the Civil District Court to determine the whereabouts of delinquent transcripts. Both rules were heard by Judge Plotkin.
The events leading to the judgments arose after repeated attempts by Judge Plotkin to secure from relator a complete transcript in a matter before his court.[1] At a hearing on the rule for contempt in that matter on October 9, 1981 relator requested *1293 a continuance, claiming his notes had been misplaced. He was ordered to return the next week with the completed transcript.
The following week, prior to that hearing, Judge Plotkin received a telephone call from the Judicial Administrator’s office concerning seventeen missing transcripts owed by relator. The judges en banc then issued an ex proprio motu rule for contempt on October 16, 1981 to be heard by Judge Plotkin.
When relator appeared in Judge Plotkin’s court on October 16, he had only part of the transcript he had been ordered to produce in the Mayeaux case. He informed the court he did not know the status of the seventeen delinquent transcripts. The judge advised relator he would be held in contempt if he did not complete the requested transcript, make a full disclosure of the seventeen delinquent transcripts, and return to the court for safekeeping all of his notes on the seventeen files. He was sentenced to six months in Parish Prison, a $5,000 fine and revocation of relator’s court reporter’s license in the Mayeaux case, which sentence would be suspended, all on the condition that relator return the following week (October 28) with the completed transcript of all notes in his possession and proof of a diligent search for such notes as he lacked.
The matters were continued until October 23, 1981. At that time relator produced one-half of the requested transcript and completed transcripts of immaterial, terminated defaults, but failed to produce notes of the delinquent cases. The matters were continued for an additional week.
On October 30, 1981, relator was unable to produce the missing notes or to locate the other half of the missing transcript, and made only a partial return on other cases. Accordingly, the court imposed a seven day confinement in Parish Prison, a fine of $5,000, to be used to offset the costs of court and attorneys to replace lost transcripts, and six months in Parish Prison, which sentence would be suspended provided the record of Dr. and Mrs. Philip H. Rye v. Terminex Service Co., Inc. is transcribed while serving the sentence in Parish Prison, in failure of which the six months confinement would be imposed.
In this court relator contends the trial court erred in finding him guilty of contempt inasmuch as: (1) the documents requested were not in his possession or under his control; (2) relator had no benefit of counsel or prior notice of hearing; and (3) the matter should have been heard before a judge other than Judge Plotkin.
Relative to appellant’s first contention, it is apparent from the record that most of the numerous documents requested had been in relator’s possession and under his control but were either lost or misplaced by him. At first, he thought they were in a file cabinet but, when given time by the court to retrieve them, he was unable to locate them there. He then concluded they might be in the trunk of his girl friend’s car, but she was in Alabama, or he could have them at home. It is unclear from the record where “home” was. When questioned about his residence he at first refused to answer. When ordered to answer he named three addresses, that of his parents, an apartment he shares with another man, whom he identified only as “unemployed”, and he also disclosed the name and address of a girl friend where he also lives. From the testimony we conclude the notes and records could be in any of those three places, or in his or his girl friend’s automobile.
It was relator’s responsibility to know where the documents were located; they quite clearly had been in his possession and under his control, and he should have known where to locate them at all times. He was given several opportunities, over an extended period of time, to produce the documents and failed to do so. Accordingly, we reject the first contention.
We also find no merit in the second contention. Relator neither retained counsel or requested the opportunity to do so, nor did he object at any of the several hearings to the absence of counsel. Moreover, he had ample opportunity to employ counsel. *1294 Apparently he concluded there was no need to be represented by counsel, and indeed had relator complied with the judge’s order for the documents as he should have as a court reporter in the performance of his duties to the court, nothing further would have been necessary. Not only did relator not produce such material, he had no acceptable reason as to why he was unable to do so.
We regard the contempt as a direct one. It was committed in the immediate view and presence of the court and of which the trial judge had personal knowledge. C.C.P. Art. 222. Under those circumstances relator could be found guilty and punished by the court forthwith without any trial other than affording him an opportunity to be heard orally by way of defense or mitigation. C.C.P. Art. 223. This opportunity was afforded to relator.
Nor do we find merit in relator’s third contention. We are cited to the cases of Kidd v. Caldwell, La., 371 So.2d 247, Taylor v. Hayes, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897, and In Re Merritt, La., 391 So.2d 440. These cases stand for the proposition that where the contemptuous conduct is of the sort likely to provoke a trial judge and embroil him in personal controversy with the defendant, the contempt trial preferably should be heard by another judge; and not only the possibility of actual bias on the part of the trial judge, but also the possibility of the appearance of bias should be taken into account.
Imprimis, we note there was no motion to recuse presented to the trial court in these matters as was done in the cited cases (all of which deal with criminal and not civil contempt). Consequently, the trial judge was not called upon to recuse himself. Nor does our review of the record reflect any bias or hostility toward relator on the part of the trial judge. On the contrary, the court exhibited exemplary patience in continuing the matter on several occasions to afford relator additional opportunities to produce the requested material.
Since we conclude the finding of contempt was correct and there was no need for the trial judge to recuse himself, we now address ourselves to the sentences imposed.
If the sentences imposed were legal ones, i.e., within the authority of the trial court, we would affirm. However, the only authority the trial court had with regard to penalty for contempt is contained in, and limited by, Code of Civil Procedure Articles 226 and 227, and Revised Statute 13:4611. These articles read:
“When a contempt of court consists of the omission to perform an act which is yet in the power of the person charged with contempt to perform, he may be imprisoned until he performs it, and in such a case this shall be specified in the court’s order.” LSA-C.C.P. Art. 226.
“A person may not be adjudged guilty of a contempt of court except for misconduct defined as such, or made punishable as such, expressly by law.
The punishment which a court may impose upon a person adjudged guilty of contempt of court is provided in R.S. 13:4611.” LSA-C.C.P. Art. 227.
In pertinent part R.S. 13:4611 provides: “Except as otherwise provided for by law:
(A) The supreme court, the courts of appeal, the district courts, family courts and city courts may punish a person adjudged guilty of contempt of court therein, as follows:
(3) For a deliberate refusal to perform an act which is yet within the power of the offender to perform, by imprisonment until he performs the act; and
(4) For any other contempt of court, by a fine of not more than two hundred and fifty, dollars, or imprisonment for not more than thirty days, or both.” LSA— R.S. 13:4611.
We realize the $5,000 imposed was not intended as a fine per se, but was to reimburse the court for whatever expenses would be incurred to have the notes and transcripts completed. But the court’s power and authority to punish for contempt is limited in these matters to the extent *1295 permitted by the above quoted codal articles and statute.
By a supplemental pleading relator further contends that on November 12,1981 Judge Plotkin ordered the auditor of the judicial expense fund to withhold any checks received in relator’s name until he authorized their release. Relator contends such action was taken without hearing or notice and violated C.C.P. Arts. 3501 et seq. We are asked to order the release of the funds and to penalize the trial court for wrongful seizure, as provided by C.C.P. Art. 3501, by ordering payment of damages, including costs and reasonable attorney’s fees.
On the record before us, we do not find C.C.P. Art. 3501 applicable here. There is no showing as to what is represented by the checks in question. That money could be back pay (relator resigned in June, 1981), it could be money deposited for transcription costs, or several other things. In addition, there is no showing that the trial court has refused to authorize any payment.
For the reasons assigned, the judgments holding relator in contempt are affirmed, the sentences imposed in connection therewith are annulled and set aside, the request contained in relator’s supplemental pleading is denied, and the matters are remanded to the trial court for sentencing in accordance with law and with the views expressed herein.
AFFIRMED IN PART; ANNULLED AND SET ASIDE IN PART; AND REMANDED.

. Sadie Stark Mayeaux v. Louisiana Health Service Indemnity Co., No. 79-6270(G) of the docket of the Civil District Court for the Parish of Orleans.