| JAMES L. CANNELLA, Judge.
The Defendant, Darryl Domino, appeals from a judgment of contempt based on his *1162 failure to comply with a judgment involving certain Jefferson Parish (the Parish) building ordinances. We affirm in part, vacate in part, and remand.
The Defendant owns certain lots on Manhattan Boulevard in Harvey, Louisiana, used for purposes of his automobile dent repair business. In 1997, the Defendant contacted the Parish to determine if a permit was required to pour a slab of concrete on the property. He was told that a permit to pour a slab was unnecessary. On December 16, 1997, the Parish Inspection and Code Enforcement inspector, Dennis Tucker (Tucker), inspected the premises and discovered that the slab had been poured and concrete blocks had been erected, indicating that the slab was to be used as the foundation for a building. A notice was given to the Defendant informing him that the construction violated the Parish ordinances, since the slab had not been inspected prior to its construction and no permits had|3been obtained for the other work. Tucker inspected the premises again at the end of December, 1997 and on September 25, 1998. The Defendant still had not complied with the Parish’s requirements. The Defendant was provided another written notice of the violations, which he signed. He agreed to stop work, but failed to do so. Tucker inspected the property on April 28, 1998 and found that the requirements still had not been complied with and that the Defendant had continued to perform construction on the building without complying with the Parish’s order to obtain the proper permits. Another inspector, Daniel Ferrara, took over the inspections in 1999. He also visited the site more than a dozen times and found that the Defendant was not in compliance with the Parish’s ordinances and orders.
As a result of the Defendant’s failure to obtain the required permits, the Parish filed a petition on June 10, 1998 in Second Parish Court, requesting a cease and desist order against the Defendant, to stop any further construction, to order the Defendant to apply to the Board of Standards and Appeals for a permit for the slab and to apply for a permit for the work already performed. The Parish requested the court to fine the Defendant for his failure to comply with the Parish building ordinances, specifically, 103.1.1. The case was heard on December 4, 1998. On that day, Tucker inspected the property before trial and discovered that the Defendant had continued to work on the property without the permits. The trial judge rendered a judgment on December 17, 1998, finding-that the Defendant violated the ordinances. He ordered the Defendant to cease and desist performing all work on the subject property, to apply to the Board for a permit for the slab that had been constructed and for a permit for the other work that had been performed in violation of the ordinances. The trial judge granted the Defendant 30 days “from service of this judgment” to comply, or be held in contempt of court. The |4trial judge further fined the Defendant $50 per day for each day he failed to comply after the 30 days. The Defendant was assessed all costs of the proceedings.
Over the next five years, the Defendant failed to obtain the necessary permits, yet continued to work on the building. Thus, on December 2, 2003, the Parish filed a Rule for Contempt. The case was heard on April 27, 2004. On May 14, 2004, the trial judge found the Defendant in contempt of court, ordered him to cease and desist from continuing to violate Jefferson Parish Ordinance 103.1.1, article 20434, ordered him to apply for and complete the required permit process in order to obtain a building permit for the work being per *1163 formed, and fined him $96,900, plus court costs representing the fine of $50 per day from January 4, 1999 through April 27, 2004. The trial judge further sentenced the Defendant to 30 days in the Parish prison, deferred for 60 days from the date of the judgment. The judgment states that if the proper permits are obtained, or if the improper additions have been removed, the 30 day sentence would be suspended. The trial judge set June 29, 2004 for a hearing to show cause why the Defendant did not obtain the necessary permits or why he has not removed the improper additions, and stated “failing to show either of these the defendant will serve 30 days in Parish Prison.”
On appeal, the Defendant asserts that the trial judge erred in ordering him to apply for an appeal in connection with the existing slab and the work done, rather than ordering him to obtain a waiver or denial. He further contends that the trial judge erred because he did not consider the matter as an ongoing process and because the Defendant has not been able after six years to use the building for its intended purpose, and in finding the Defendant in contempt for the entire time between the initial hearing and the subsequent hearing, without considering if the Defendant was or could have been in compliance during any part of that time. He | fialso asserts that the trial judge erred in the amount of the fine, without considering that it possibly exceeds the value of the property and the offense.
At trial, the Defendant made a pro se appearance. The Defendant admitted that he continued to perform work on the building during the six intervening years in violation of the order and explained that he was trying to comply, but his business was suffering and he needed the extra space -to install a paint room for automobiles. He further testified that he could not get the permit for the slab until he fulfilled Parish requirements related to pilings. He said that he was attempting to have some adjacent property owned by the Parish rededicated so that he could put in pilings and a new slab to attach to the initial one. Before he could accomplish this, the Parish had to rededicate the property. He would then be in a position to apply for the permits. He also testified that the initial ad hoc trial judge told him that he could work on the building to make it water tight. The Defendant further explained that he had started expanding the original residence and there was no wall between the old section and the new. Consequently, he insulated the interior of the building for air conditioning and heating purposes. The Defendant noted that he had married during the interim between the initial order and the instant trial and had an infant that needed air conditioning and heat. The new family necessitated a larger home than the apartment in which they had been living.
First, the Defendant simply argues that the trial judge’s order to apply for a waiver and/or permits placed no requirement on the Defendant to actually obtain a waiver or the permits. We find no relevance to the contempt order in this argument.
Second, the Defendant argues that the trial judge failed to obtain a time line or inquire as to possible periods of time that the Defendant was in compliance | (¡during the six years. He asserts that he was in compliance much of the time. Before pouring the slab he was told by the Parish that a permit was unnecessary for a slab. He attempted to obtain a variance and was told that he needed pilings in order to build on the slab. Upon attempt *1164 ing to set up the pilings, he* was informed that he had to obtain the adjacent landowner’s permission or would have to buy or lease the adjacent property. When he again sought a waiver or permit, he was informed that the second floor of the work on the slab was less than six feet from the property line, violating the set-back ordinance', even though the property was owned by the Parish. He was then told that he needed to re-subdivide the property in order to eliminate the set-back problem and to provide the Parish with a hold harmless agreement. At the time of the second hearing, he had provided the hold harmless agreement. He was in the process of having the sub-division drawn up. The Defendant contends that since the second hearing, the- only impediment unresolved is the Parish’s beautification evaluation. The^ Defendant also contends that the trial judge should have considered that the Defendant had no reasonable use of the building during the preceding years.
The parish courts have the same power to punish a contempt over the person to the same extent, and in the same manner, as district courts. La.C.C.P. art. 4848. See: La.C.C.P. art. 221 et seq. La. C.C.P.art. 224 provides:
Any of the following acts constitutes a constructive contempt of court:
* * * *
(2) Wilful disobedience of any lawful judgment, order, mandate, writ,, or process of the court;
[[Image here]]
(10) Any other act or-omission punishable by law as a contempt of court, or intended to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or ■respect for its authority, and which is not a direct contempt.
|7The initial judgment in this case ordered the Defendant to stop all work on the property. Contrary to the Defendant’s assertion, the judgment does not state that he can waterproof the building. Nevertheless, he went beyond waterproofing the structure. The Defendant was told what his fine would be in that judgment, if he continued to violate the building permit ordinances. The Defendant failed to appeal that order and it became final. However, the Defendant knowingly continued to do the prohibited work. The trial judge determined that the Defendant was never in compliance with the order. We agree. The Defendant was clearly in contempt of the trial court’s orders of December 17, 1998. Had he felt justified in doing some of the work for the reasons he asserts, he could have filed a motion in the trial court for a modification of the order, but he did not do so. The Defendant cannot ignore the orders of the trial court for any reason, absent a modification of the ruling by the court that issued the orders. Thus, we find no error in the , trial judge’s finding that. the Defendant was in contempt of court and in his judgment fining the Defendant $50 per day until he complies with the court orders.
• In regard to the amount of the fine, the trial judge ruled that it was to commence 30 days from December 4, 1998. However, the initial judgment required the Defendant to comply with the orders within 30 days from service' of the judgment. That judgment was rendered December 17, 1998, not December 4, 1998. The amount of the fine is therefore incorrect. However, since the record does not reflect the date that the judgment was served, we *1165 cannot determine the correct amount. Thus, the case must be remanded for recalculation of the fine in accordance with the initial judgment.
Accordingly, the judgment of the trial court relative to the amount of the fine is hereby vacated and the case is remanded for recalculation of the contempt fine in 18accordance with the judgment dated December 17, 1998. The judgment is otherwise affirmed. Costs of appeal are assessed against the Defendant.
VACATED IN PART, AFFIRMED IN PART AND REMANDED.