WILLIAMS, J.
|,The appellant, I.C.C.D. Fox, L.L.C., appeals a judgment denying its motion for a protective order, granting Harriet Fox’s motion to compel production of certain documents and awarding her $1,824 in attorney fees. In addition, the trial court found I.C.C.D. Fox, L.L.C., in contempt for its failure to produce the documents and assessed a fine of $10,000. For the following reasons, we amend the judgment and affirm as amended.
FACTS
This matter arises from the divorce proceeding of Dr. Michael Fox and Harriet Fox. In June 2012, Harriet Fox (“Harriet”) filed a subpoena duces tecum and notice of records deposition seeking discovery of certain documents from limited liability companies owned by her former husband’s family members, including I.C.C.D. Fox, LLC (“Fox, LLC”). In response, Fox, LLC filed a motion to quash the subpoena and sought a protective order and sanctions against Harriet’s attorney, Stephen Katz. Harriet then filed several exceptions, an opposition to the motion to quash and a motion to. compel discovery. After a hearing, the trial court rendered judgment denying the relief sought by Fox, LLC, granting Harriet’s motion to compel and ordering Fox, LLC to produce all of the requested documents by September 21, 2012. On appeal, this court affirmed the judgment. Fox v. Fox, 47,937 (La.App.2d Cir.4/10/13), 113 So.3d 457, writ denied, 2013-1320 (La.6/21/13), 118 So.3d 426.
After this appeal process, Fox, LLC failed to produce the documents to Harriet’s attorney. Instead, in November 2013, attorney Stephen Fox, representing Fox, LLC, sent by email to attorney Katz a proposed protective border limiting release of the documents to others. Harriet did not respond to the order. Fox, LLC then filed a motion entitled “Third Party (nonparty) Motion for a Rehearing on [the] Motion for a Protective Order and Article 1426 Motion for a Protective Order.” In response, Harriet filed a motion to compel discovery and for contempt sanctions. At the hearing on the motions, Fox, LLC presented to the court copies of certain documents, which had already been redacted by attorney Fox. After reviewing the documents and noting counsel’s alteration of many pages, the district court declined to further review the documents and denied the protective order on the showing made. The court granted Harriet’s motion to compel, ordered Fox, LLC to provide her with unredacted copies of the requested documents and to pay her attorney fees of $1,824. In addition, the court rendered judgment finding Fox, LLC in contempt *363 and assessing a fíne of $10,000. Fox, LLC appeals the judgment.
DISCUSSION
Fox, LLC contends the district court erred in refusing to issue a protective order without completing an examination of the requested documents. Fox, LLC argues that it is entitled to a protective order because the documents sought in discovery contain trade secrets or confidential information.
Generally, parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action. LSA-C.C.P. art. 1422. Upon motion by a party or the person from whom discovery is sought and for good cause shown, the district court may Rmake any order which justice requires to protect a party or person from annoyance, oppression or undue burden or expense, including an order that a trade secret or other confidential commercial information not be disclosed or be disclosed only in a designated way. LSA-C.C.P. art. 1426(A)(7).
Article 1426 authorizes the district court to issue a protective order, for good cause, to limit the scope of discovery or to preserve the confidentiality of the information disclosed. The determination of whether or not to issue a protective order and the extent of protection extended are issues within the sound discretion of the trial court. Ordinarily, an appellate court will not modify or reverse the district court in such matters absent a showing of an abuse of discretion. Boyd v. St. Paul Fire & Marine Ins. Co., 99-1820 (La.App. 3rd Cir.12/20/00), 775 So.2d 649.
In brief, Fox, LLC complains that the district court failed to make a recording of the telephone status conference in February 2014 and then refused to make an in camera inspection of the discovery documents at the hearing in April 2014. Regarding the telephone status conference, we note that attorney Fox’s written motion for the conference does not state that the conference would be recorded and that LSA-R.S. 13:961(0(1), cited by Fox, LLC, does not require such a recording. In addition, the record shows that Fox, LLC neither requested that the telephone status conference be recorded nor inquired about such a recording before or during the conference. Based on this record, the contention of Fox, LLC that its due process rights were denied because the telephone status conference was not recorded lacks merit.
14Although Fox, LLC asserts in its brief that the district court refused to make an in camera inspection of the documents submitted at the hearing in April 2014, the record shows that the court reviewed those documents. However, after looking at the documents, the court noted that information had already been redacted from many pages. When the court then asked Fox, LLC to produce the unre-dacted documents for inspection, attorney Fox said that he did not have those documents with him. The court found that in failing to produce the unredacted documents at the hearing, Fox, LLC had not shown that the documents contained trade secrets or confidential information.
The documents introduced into evidence include bank deposit slips, bank account statements, copies of checks and copies of handwritten notes apparently listing rental payments for certain properties. In reviewing the submitted documents, we note that information has been redacted on almost every page, to the extent of blocking out the names and phone numbers of the banks issuing the account statements. In light of these alterations, the district court was reasonable in requesting the unredact- *364 ed documents so that it could make an informed determination as to whether any confidential information was contained therein. We are not persuaded by the strained argument of Fox, LLC that the court should have simply accepted the redacted documents because nothing was said previously about not redacting information. The point of an in camera inspection is to allow the court to review the unaltered information which a litigant seeks to protect. Based upon this record, we cannot say the district court abused its discretion |flin requiring the unredacted documents for inspection and in denying the relief requested when Fox, LLC failed to produce those documents.
In its appellate brief, Fox, LLC contends the information contained in the 256 pages introduced into evidence, including the amount of income from each rental property, tenant information and bank account numbers, constitutes trade secrets or confidential commercial information that should not be 'disclosed to its business competitors. Under the Louisiana Uniform Trade Secrets Act, LSA-R.S. 51:1431 et seq., the term “trade secret” means information, including a formula, pattern, compilation, device, method, technique or process that derives independent economic value, actual or potential, from not being generally known or readily ascertainable by proper means by others who could obtain economic value from its disclosure and is subject to reasonable efforts to maintain secrecy. LSA-R.S. 51:1431(4).
The threshold inquiry is whether a legally protectable trade secret actually exists. United Group of Nat. Paper Distributors, Inc. v. Vinson, 27,739 (La. App.2d Cir.1/25/96), 666 So.2d 1338. Whether something constitutes a trade secret is a question of fact. Wyatt v. P02, Inc., 26,675 (La.App.2d Cir.3/1/95), 651 So.2d 359. A customer list or special pricing list may constitute a trade secret if efforts are made to maintain its secrecy. Pontchartrain Medical Labs, Inc. v. Roche Biomedical Laboratories, Inc., 95-2260 (La.App. 1st Cir.6/28/96), 677 So.2d 1086.
The cases cited by Fox, LLC do not support its contention that the bank records, tenant information and the amount of income from each rental property constitute trade secrets. The Boyd case involved a privilege 16against disclosure of litigation documents for health insurers and a shareholder’s statutory right to examine corporate records was involved in Thornton ex rel. Laneco Construction Systems, Inc. v. Lanehart, 97-2870 (La.App. 1st Cir.12/28/98), 723 So.2d 1113. Additionally, Fox, LLC did not show that the monthly rent amount for each property is a secret since, presumably, Fox, LLC would inform potential tenants of the rental amount when offering to lease that property.
Based upon this record, Fox, LLC has failed to demonstrate that the documents at issue contain a formula, pattern, compilation, device, method, technique or process constituting a legally protectable secret. Thus, we conclude the district court did not err in denying a protective order on the basis of Article 1426. The assignment of error lacks merit.

Contempt

Fox, LLC contends the district court erred in finding it in contempt of court for the failure to comply with the prior court order to produce the discovery documents. Fox, LLC argues that it should not have been held in contempt because there was no court judgment expressly lifting the stay issued by this court and ordering the production of documents by a date certain.
A contempt of court is either direct or constructive and includes any act *365 or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. LSA-C.C.P. art. 221. The willful disobedience of any lawful judgment or order of the court constitutes a constructive contempt of court. jjLSA-C.C.P. art. 224. Willful disobedience is defined as an act or failure to act that is done intentionally, knowingly and purposefully, without justification. Chauvin v. Chauvin, 46,365 (La.App.2d Cir.6/22/11), 69 So.3d 1192. Willful disobedience of a court order requires a consciousness of the duty to obey and an intent to disregard that duty. Dauphine v. Carencro High School, 2002-2005 (La.4/21/03), 843 So.2d 1096.
In a criminal contempt proceeding, the court Seeks to punish a person for disobeying a court order. On review of criminal contempt, the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude that every element of the contempt charge was proven beyond a reasonable doubt. Dauphine, supra. To constitute willful disobedience necessary for criminal contempt, the act or refusal to act must be done with an intent to defy the authority of the court. Dauphine, supra.
In the present case, this court issued a stay of the proceedings in August 2012, pending receipt of the district court’s per curiam and further orders of this court. Contrary to the argument of Fox, LLC, this court issued a further order in our April 2013 opinion, thereby lifting the stay and affirming the district court’s judgment, which ordered Fox, LLC to produce the documents. Fox, LLC well understood that this court’s opinion lifted the stay, as shown by its subsequent request to the Louisiana Supreme Court for a further stay, which was denied on October 10, 2013. At that point, the due date stated in the district court’s judgment had long since passed, so that Fox, LLC was required to immediately produce those documents, having | salready received a delay of an additional year in which to comply with the court’s order as a result of the appeal process.
The record shows that rather than produce the discovery material, Fox, LLC intentionally continued to withhold the documents despite the supreme court’s writ denial and Harriet’s letter, dated October 11, 2013, requesting the documents. Fox, LLC did not contact Harriet’s attorney until one month later and even then did not produce the documents, but instead raised for the first time the allegation that the requested documents contained trade secrets requiring a protective order.
In its appellate brief, Fox, LLC attempts to excuse its dilatory behavior by asserting that the issue of protecting trade secrets was not raised in the district court prior to the August 2012 judgment because the nature of the documents was unknown to attorney Fox. However, we note that the June 2012 subpoena specifically requested that Fox, LLC provide the amount of income received from each rental property and this is the very information that Fox, LLC now alleges constitutes a trade secret or confidential information. Thus, the record does not support the assertion that Fox, LLC did not know the nature of the documents being sought in the prior proceeding. To the contrary, based on the language of the subpoena, Fox, LLC knew or should have known in June 2012 that the information requested could potentially involve trade secrets.
After reviewing this record, we conclude that the evidence presented is sufficient to support the finding that Fox, LLC was aware of the duty to obey the court’s order to produce the documents and intentionally *366 | ^disregarded that duty without a good faith basis for noncompliance. Consequently, we cannot say the trial court abused its- discretion in holding Fox, LLC in contempt for its intentional failure to comply with the court’s order to produce • the discovery documents. Thus, the assignment of error lacks merit.
Fox, LLC contends the trial court erred in assessing a fine and attorney fees as punishment for contempt of court. Fox, LLC argues that the fine of $10,000 is improper because the amount exceeds the statutory limit and that attorney fees are not recoverable in a contempt matter.
LSA-C.C.P. art. 227 provides that the “punishment that a court may impose for one guilty of contempt is provided in R.S. 13:4611.” Section 4611 provides in pertinent part:
(1) The supreme court, the courts of appeal [and] the district courts ... may punish a person adjudged guilty of a contempt of court therein as follows:
[[Image here]]
(d) For any other contempt of court, ... by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.
The power to punish for contempt of court shall be limited by law. La. Const. Art. V, Section 2.
In the present case, after the trial court held Fox, LLC in contempt, Harriet sought a sanction of $100 per day from October 10, 2013, the date when the supreme court denied Fox, LLC’s motion for a stay. In determining the fine, the court considered the circumstances of the case and imposed a fine of $10,000.
| min its brief, Fox, LLC asserts that Section 4611 limits the fine for contempt to a total amount of $500, citing Andressen v. Plotkin, 407 So.2d 1292 (La.App. 4th Cir. 1981) and City of New Orleans v. Police Assoc, of La., Teamsters Local No. 253, 371 So.2d 638 (La.App. 4th Cir.1979). We are not persuaded by these cases after considering the decisions of other courts that have recognized the validity of judgments which assess a contempt fine for each day of noncompliance. See Parish of Jefferson v. Domino, 04-959 (La.App. 5th Cir.2/15/05), 896 So.2d 1161; Sonnier v. Town of Vinton, 99-927 (La.App. 3rd Cir.12/22/99), 759 So.2d 818; City of Kenner v. Jumonville, 97-602 (La.App. 5th Cir.8/27/97), 701 So.2d 223; Parish of Jefferson v. Muhammad, 96-572 (La.App. 5th Cir.12/11/96), 686 So.2d 905.
The language of Section 4611 does not prohibit the accrual of fines for separate acts of contempt. Implicit in the statute is that no single act of contempt shall be fined more than $500. City of Kenner v. Jumonville, supra. Here, the fines continued to accrue because each day that Fox, LLC did not produce the documents is a separate and distinct act of contempt.
The fine imposed for contempt must be payable to the court and not a party, because the object of a proceeding for contempt is to vindicate the dignity of the court. Martin v. Martin, 37,958 (La.App. 2d Cir.12/10/03), 862 So.2d 1081; In re Marriage of Blanch, 2010-1686 (La.App. 4th Cir.9/28/11), 76 So.3d 557. Accordingly, we shall amend the judgment to make the contempt fine that is assessed to Fox, LLC payable to the Fourth Judicial District Court.
InFox, LLC also contends the trial court erred in awarding Harriet attorney fees as a penalty for contempt. However, we note the record indicates that the trial court awarded attorney fees in connection with Harriet’s motion to compel discovery and not the finding of contempt.
*367 A party may apply to the court to issue an order compelling discovery to a party or a deponent who is not a party. LSA-C.C.P. art. 1469(1). Upon granting such a motion, the court shall require the party or deponent whose conduct necessitated the motion to pay the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless opposition to the motion was substantially justified or other circumstances make an award of expenses unjust. LSA-C.C.P. art. 1469(4); Smith v. Rodwig, 382 So.2d 162 (La.1980); LeJeune v. Lafayette Tower Service, 94-1240 (La.App. 3rd Cir.4/5/95), 653 So.2d 112.
In the present case, the trial court granted Harriet’s motion to compel discovery and the court found that Fox, LLC’s failure to produce the documents was not justified. Based upon this record, we cannot say the trial court abused its discretion in awarding attorney fees to Harriet.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is amended to make the fine imposed for contempt of court payable to the Fourth Judicial District Court. The judgment is otherwise affirmed. Costs of appeal are assessed to the appellant, I.C.C.D. Fox, LLC.
AFFIRMED AS AMENDED.