Judgment rendered December 18, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,018-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

EXCO OPERATING COMPANY,                  Plaintiff-Appellee
LP

versus

BRP, LLC, ET AL                           Defendants-Appellees

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 83,487

Honorable Amy B. McCartney, Judge

* * * * *

| | |
|---|---|
| BAKER, DONELSON, BEARMAN, P.C.<br>By: Tessa Pousson Vorhaben | Counsel for Appellants,<br>International Paper Co.,<br>International Paper<br>Timberlands Operating<br>Company, LTD., and<br>Sustainable Forests, LLC |
| DAVIDSON SUMMERS<br>HEARNE, ET AL.<br>By: Grant Ernest Summers | Counsel for Appellee,<br>BRP, LLC |
| LISKOW & LEWIS, APLC<br>By: Jamie D. Rhymes<br>    Michael H. Ishee | Counsel for Appellee,<br>XH, LLC |

BRADLEY, MURCHISON, KELLY & SHEA, LLC
By: Frank John Reeks, Jr.
    Brittanie Wagnon Carpenter

Counsel for Appellee, EXCO Operating Company, LP


BLANCHARD, WALKER, O'QUIN & ROBERTS
By: William Michael Adams
    McLaurine H. Zentner

Counsel for Appellee, Petro Hunt, LLC


RANDAZZO GIGLIO & BAILEY, LLC
By: Jamie Scott Manuel
    Christopher B. Bailey

Counsel for Appellee, Kingfisher Resources, Inc.

* * * * *

Before PITMAN, THOMPSON, and HUNTER, JJ.

**THOMPSON, J.**

A discovery dispute between several intertwined nonparty, out-of-state timber corporations and a defendant in the underlying lawsuit erupted regarding whether the timber companies, who allegedly owned the property subject to this lawsuit, along with thousands of acres of timberland in Louisiana, can be subpoenaed by a Louisiana district court to produce discovery. The defendant in the underlying suit argues that the Louisiana district court has subpoena power over these corporations because they are residents of Louisiana and the important considerations of relevancy and good cause in seeking the documents are satisfied. For the following reasons, we affirm the trial court's grant of Petro-Hunt's motion to compel and the denial of International Paper Company, IP Timberlands Company, Ltd., and Sustainable Forests, LLC's motion to quash.

## FACTS AND PROCEDURAL HISTORY

This matter involves a dispute between Petro-Hunt, LLC ("Petro-Hunt") and International Paper Company ("IP"), IP Timberlands Company, Ltd. ("IPT"), and Sustainable Forests, LLC ("Sustainable") (collectively, the "IP Entities"). The underlying lawsuit is a concursus proceeding contesting mineral servitudes on three tracts of land in DeSoto Parish, Louisiana (the "Subject Properties"). The allegations made in the underlying lawsuit are summarized below.

### Background Information from Underlying Lawsuit

On August 14, 1979, IP and its wholly owned subsidiary IPD, Inc. and Placid Oil Company ("Placid") entered into a letter agreement whereby IP and IPD represented that it intended to acquire

Bodcaw Company ("Bodcaw"). After this acquisition, IP would retain timber operating rights on the lands owned by Bodcaw, but IP would cause Bodcaw to convey the mineral rights to Placid. IP agreed to interrupt prescription as to the mineral servitudes through July 1, 2020. The acquisition occurred, and Bodcaw granted a mineral servitude to Placid on October 11, 1979 (the "Placid Servitude"), covering hundreds of thousands of acres, mostly in Louisiana and including the Subject Properties. Shortly after this mineral servitude was granted, Bodcaw was dissolved by an Instrument of Consent of Unanimous Action of Stockholder for Voluntary Dissolution, which is recorded in the DeSoto Parish Conveyance Records. All of Bodcaw's property was to be transferred to IP, as the sole shareholder of Bodcaw.

In 1986, IP sold the Subject Properties to its subsidiary company IPT. IPT executed an interruption of prescription by acknowledgment pursuant to Mineral Code Article 54 that covered the lands described in the 1979 mineral deed and was filed in the DeSoto Parish Conveyance Records. In August 1998, IPT purported to transfer the Subject Properties to Sustainable, another IP subsidiary. There were more acknowledgments interrupting the prescription of nonuse by IPT and Sustainable, as landowners, on July 30, 1999. After these acknowledgments, Petro-Hunt, Kingfisher Resources, Inc. ("Kingfisher"), and XH, LLC ("XH") (collectively, the "Petro-Hunt defendants") succeeded to the interests of Placid in the Placid Servitude.

In 2010, BRP, LLC ("BRP") was formed as a result of an IP joint venture, in which IP received a 49 percent interest in BRP and purported to cause Sustainable to convey a competing mineral servitude in the Subject

2

Properties. BRP is arguing in this lawsuit that this servitude trumps the Placid Servitude owned by the Petro-Hunt defendants. In mid-2020, IP sold its 49 percent interest in BRP to its joint venture partner, Natural Resources Partners, LP ("NRP"), and approximately a year later, BRP sent a demand to EXCO Operating Company, LP ("EXCO"), which is the current operator of the wells generating the revenue at issue. That demand letter led to this concursus proceeding.

In this lawsuit, BRP is claiming that IP did not become the record owner of the Subject Properties upon the dissolution of Bodcaw and thus could not have sold the Subject Properties to IPT in 1986. BRP argues that Bodcaw's assets were not conveyed from Bodcaw to IP until 2006. Thus, IPT could not have granted the acknowledgments that interrupted prescription because it did not own the Subject Properties. BRP is arguing that the 1979 mineral servitude prescribed from nonuse in 1989 and that, therefore, the Petro-Hunt defendants do not own a valid mineral servitude over the Subject Properties because BRP's mineral servitude granted in 2010 is the only valid mineral servitude covering the Subject Properties. BRP argues that it is a good faith "third party" that can rely on the absence from public records of any prior instrument of acknowledgment executed by Bodcaw. Essentially, this case turns on whether IPT and Sustainable were the owners of the Subject Properties in 1989 and 1999 within the meaning of the Louisiana Mineral Code and whether BRP can be considered a third party for the purposes of the Louisiana public records doctrine.

**The Discovery Dispute**

On March 1, 2023, XH filed notices of records only depositions and requested the issuance of subpoenas duces tecum, which were served on the IP Entities out of state. The IP Entities responded on June 30, 2023, by objecting and producing no documents. Months of negotiation took place between XH and the IP Entities, but the IP Entities still refused to produce any documents unless ordered to do so by courts in Texas and Tennessee, concluding Louisiana courts exercised no jurisdiction and could not exercise any control over the entities relative to the desired information.

Considering this and the IP Entities' connections in DeSoto Parish, Petro-Hunt filed notices of records only depositions on October 19, 2023. The subpoenas sought documents related to the Bodcaw dissolution, the IP Entities' history of ownership and/or possession of the Subject Properties, and documents related to corporate relationship among their affiliates. The IP Entities responded by objecting and produced no documents. After the required discovery conference made pursuant to Rule 10.1 of the Rules for Louisiana District Courts, the IP Entities filed a motion to quash, and Petro-Hunt filed a motion to compel.

The motions were heard together by the trial court on February 29, 2024. During argument before the trial court, the IP Entities confirmed that they located 40 banker boxes of documents in their home office in Memphis, Tennessee that may be responsive to Petro-Hunt's discovery requests. They contended that the examination of those boxes would be too onerous for production. After hearing the arguments, the trial court stated the following:

> I believe the IP entities are in the unique position as the sole
> possessors of documents that are highly relevant to the issues
> that are being presented by this litigation. Petro-Hunt has made
> a showing that the documents requested are relevant, and that

4

there is good cause for the IP Entities' production of the request of documents. Specifically, the Court finds that the information sought by Petro-Hunt cannot be discovered in a less intrusive manner. All of the IP Entities have, or had, extensive contacts not only with Louisiana and DeSoto Parish but with the specific properties that are at issue in the litigation.

The court granted Petro-Hunt's motion to compel and denied the IP Entities' motion to quash. This appeal followed.

## DISCUSSION

The IP Entities assert the following assignments of error:

**First Assignment of Error: The district court erred and/or abused its discretion when it denied the IP Entities' Motion to Quash and granted Petro-Hunt's Motion to Compel because the district court does not have subpoena power to order a non-party out of state business to appear and produce documents at a deposition to be taken in Louisiana.**

The Louisiana Supreme Court has delineated the "basic objectives" of the Louisiana discovery process as follows: (1) to afford all parties a fair opportunity to obtain facts pertinent to litigation; (2) to discover the true facts and compel disclosure of these facts wherever they may be found; (3) to assist litigants in preparing their cases for trial; (4) to narrow and clarify the basic issues between the parties; and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims. *Hodges v. Southern Farm Bureau Cas. Ins. Co.*, 433 So. 2d 125 (La. 1983); *Sercovich v. Sercovich*, 11-1780 (La. App. 4 Cir. 6/13/12), 96 So. 3d 600. Generally, parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action. La. C.C.P. art. 1422. The discovery statutes are to be liberally and broadly construed to achieve their intended objectives. *Stolzle v. Safety & Sys. Assur. Consultants, Inc.*, 02-1197 (La. 5/24/02), 819 So. 2d 287. However, there are limitations, and justice may require protection from

annoyance, oppression, or undue burden or expense. La. C.C.P. art. 1426(A); *Stolzle*, *supra*; *Fox v. Fox*, 49,619 (La. App. 2 Cir. 4/22/19), 164 So. 3d 359, *writ not cons.*, 15-1162 (La. 9/18/15), 177 So. 3d 1063.

The trial court has broad discretion in regulating pretrial discovery. *Bell v. Treasure Chest Casino, LLC*, 06-1538 (La. 2/22/07), 950 So. 2d 654. Absent a clear abuse of discretion, the trial court's decision will not be disturbed on appeal. *Id.* The IP Entities contend that the trial court committed legal error by failing to follow Supreme Court precedent. Appellate review of questions of law is simply a review of whether the trial court's decision is legally correct or incorrect. *Conagra Poultry Co. v Collingsworth*, 30,155 (La. App. 2 Cir. 1/21/98), 705 So. 2d 1280. If the trial court's decision was based on its erroneous interpretation or application of law, rather than on a valid exercise of discretion, its decision is not entitled to deference by the reviewing court. *Kem Search, Inc. v. Sheffield*, 434 So. 2d 1067 (La. 1983).

In their first assignment of error, the IP Entities contend the trial court erred in denying their motion to quash and granting the motion to compel because the trial court does not have subpoena power to order a nonparty out-of-state business to appear and produce documents at a deposition in Louisiana. In support of their argument, they cite the Louisiana Supreme Court's decision in *Phillips Petro. Co. v. OKC Ltd. Part.*, 634 So. 2d 1186 (La. 1994). The *Phillips* court determined that the trial court had no authority to order a nonresident corporation, not a party to the litigation, to appear and produce documents at a deposition to be taken in Louisiana, even when the nonresident corporation is otherwise subject to the personal

jurisdiction of the court. That case involves whether designating an agent for service of process alone is sufficient to find that a corporation is the equivalent of a "resident" of Louisiana, thus subjecting it to the subpoena power of a Louisiana court. *Phillips*, *supra*. The nonparty corporation in *Phillips*, *supra*, did not maintain an office in Louisiana, and its only activity in Louisiana was maintaining a pipeline. The court stated:

> CKB is not domiciled in this state, nor does it maintain an office here. Its only 'presence' is in its designating an agent for service of process, which, as we have discussed, facilitates their being sued in a Louisiana court and exposed to personal jurisdiction.

As such, the court found that the nonparty corporation was not subject to Louisiana's subpoena power.

Other Louisiana appellate courts have examined the issue presented in *Phillips*, *supra*, namely, when is a nonparty corporation a "resident" of Louisiana sufficient to subject that corporation to Louisiana's subpoena power. In *Molaison v. Cust-O-Fab Spec. Serv.*, 21-585 (La. App. 5 Cir. 6/1/22), 343 So. 3d 866, the Fifth Circuit Court of Appeal found that the set of facts in that matter was distinguishable from *Phillips*, *supra*, and the nonparty corporation was subject to the subpoena power of a Louisiana court because that corporation maintained a facility in Louisiana, specifically the facility where the accident at issue occurred, and employed workers in that facility.

In *LaBarre v. Texas Brine Co., LLC*, 17-0309 (La. App. 1 Cir. 2/7/18), 347 So. 3d 949, the court found that the nonparty corporation was a resident of the Louisiana, citing that 1) it had a registered office in Baton Rouge, 2) it had a principal business establishment in Plaquemine, 3) it had a registered

agent for service of process, 4) it had posted advertisements for engineering jobs at its Plaquemine location, 5) it had employees in Plaquemine, 6) it was engaged in a joint venture to build a plant in Lake Charles, and 7) it now owned the property that was at issue in the lawsuit. The court found these contacts by the nonparty corporation to be significantly more than the corporation in *Phillips*, *supra*, and, thus, determined that the nonparty corporation was a resident of Louisiana and subject to a Louisiana court's subpoena power.

In the present case, we find that the IP Entities are residents of Louisiana such that they are subject to the subpoena power of a Louisiana district court. Like those corporations in *Molaison*, *supra*, and *LaBarre*, *supra*, the IP Entities have significant ties to the state of Louisiana. IP is registered to do business in Louisiana and maintains a registered office, registered agent, and principal business establishment in Louisiana. IP does business in Louisiana, having physical plants and offices throughout the state and employees who work at those offices and plants. IPT and Sustainable are wholly owned subsidiaries of IP who spent decades owning thousands of acres of surface and mineral rights in the state, including the Subject Properties of this lawsuit. Under these circumstances, the facts in the present matter are distinguishable from *Phillips*, *supra*, and the IP Entities are subject to the subpoena power of the district court. This assignment of error is without merit.

**Second Assignment of Error: The district court erred and/or abused its discretion when it denied the IP Entities Motion to Quash and granted Petro-Hunt's Motion to Compel because Petro-Hunt failed to show relevancy and good cause for the subpoena duces tecum of non-party out of state business.**

In their second assignment of error, the IP Entities argue that the district court erred when it denied their motion to quash and granted Petro-Hunt's motion to compel because Petro-Hunt failed to show relevancy and good cause for the subpoena duces tecum of a nonparty out-of-state business. They contend that Petro-Hunt is unable to show that it cannot discover the information it seeks in a less intrusive manner than from a nonparty.

Generally, a showing of relevancy and good cause for production has been required in cases where a party seeks production of records from a nonparty. *Stolzle*, *supra*; *Ouachita Nat'l Bank v. Palowsky*, 554 So. 2d 108 (La. App. 2 Cir. 1989). We find that the documents sought by Petro-Hunt appear reasonably calculated to lead to the discovery of relevant evidence. The principal issue in the underlying lawsuit is whether the IP Entities successfully interrupted prescription by acknowledgment as the landowners of the Subject Properties. Petro-Hunt is attempting to prove that the IP Entities were the landowners at all relevant times, particularly when they executed the acknowledgments of prescription. This legal theory will necessarily involve documents in the possession of the IP Entities, and Petro-Hunt has provided that the documents it seeks are related to the ownership and possession of the Subject Properties by the IP Entities during the relevant time periods. The documents sought by Petro-Hunt are clearly relevant to this proceeding.

Moreover, we find there is good cause for Petro-Hunt to seek these documents from the IP Entities. Petro-Hunt has stated that BRP, which was founded decades after the servitude acknowledgments were executed, has no

9

relevant documents. We are cognizant of the fact that the IP Entities are nonparties and have weighed their rights against annoyance and harassment against the principles of parties' rights to discovery during the litigation process. Our review of the record indicates that Petro-Hunt has properly demonstrated the applicable standard of relevancy and good cause. While it is certainly possible that some of the documents sought would not be admissible at trial or are privileged in some way, it is up to the trial court to make such determinations at a later date. We find this assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment. Costs of this appeal are assessed to International Paper Company, IP Timberlands Company, Ltd., and Sustainable Forests, LLC.

**AFFIRMED.**