634 So.2d 1186 (1994)
PHILLIPS PETROLEUM CO.
v.
OKC LIMITED PARTNERSHIP.
No. 93-C-1629.
Supreme Court of Louisiana.
April 11, 1994.
*1187 Robert O. Thomas, Houston, TX, for applicant.
Kennedy J. Gilly, Jr., John J. Gallagher, Veronica O. Koclanes, New Orleans, for respondent.
CALOGERO, Chief Justice.[*]
We granted certiorari in this case to determine whether Phillips Petroleum Company's issuance of a subpoena duces tecum to an out-of-state nonparty corporation, CKB Petroleum, requiring that nonparty to appear and produce documents at a deposition to be held in Louisiana, is sanctioned by our law. Our ultimate determination is that a Louisiana court has no statutory or other authority to order a nonresident corporation, not a party to the litigation, to appear and produce documents at a deposition to be taken in Louisiana, even when the nonresident corporation is otherwise subject to the personal jurisdiction of the court.
The facts in this case are not in dispute. The plaintiff corporation entered a farmout agreement in which they assigned to Box Energy Corporation an undivided interest in a federal offshore mineral lease.[1] Under the terms of the farmout agreement, Phillips retained a net profits interest in production. Phillips has sued Box, claiming that Box did not account properly and fully for Phillips' net profits interest.
The issue addressed here arose when Phillips issued a subpoena duces tecum to CKB Petroleum (hereinafter "CKB"), a nonparty to this litigation. CKB is a Texas corporation with its principal office in Dallas, Texas. Although CKB does not maintain an office in Louisiana, CKB is qualified to do business in Louisiana and has a Louisiana agent for service of process. Regarding the conduct of business, apparently the only activity of this company in Louisiana is maintaining a pipeline.
CKB moved to quash the subpoena duces tecum. The trial court denied the motion. The Fourth Circuit Court of Appeal affirmed the trial court's denial 617 So.2d 65,[2] and CKB filed for a writ with this Court.
The question presented herewhether a nonresident nonparty corporation qualified to do business in this state, can be subpoenaed to produce documents at a deposition in Louisianais one of first impression. The Louisiana Code of Civil Procedure is not express in this regard.
Phillips contends that CKB's having a Louisiana agent for service of process is enough to subject that corporation to the jurisdiction of a Louisiana court. Of course, this is correct. La.Code Civ.Proc.Ann. arts. 6, 1235, 5251(2) (West 1976). A principal consequence of designating an agent for service of process is to subject the foreign corporation to jurisdiction in a Louisiana court. Finding CKB subject to the personal jurisdiction of Louisiana courts, however, does not necessarily mean that this Texas corporation is bound to respond to a subpoena, duly received, by having to appear and produce documents in a Louisiana court in a lawsuit in which they are not a party. The concepts, and/or underlying purposes, of personal jurisdiction and subpoena power are simply different. Personal jurisdiction is based on conduct which subjects the nonresident to the power of the Louisiana court to adjudicate *1188 its rights and obligations in a legal dispute, sometimes arising out of that very conduct. On the other hand, the subpoena power of a Louisiana court over a "person" which is not a party in a lawsuit is based on the power and authority of the court to compel the attendance at a deposition of that person in a legal dispute between other parties. Whereas the long-arm statute extends Louisiana's personal jurisdiction over persons or legal entities beyond Louisiana's borders, there is no similar authority for extending the subpoena power of a Louisiana court beyond state lines to command in-state attendance of nonresident nonparty witnesses.[3]Hohner v. Travelers Insurance Co., 246 So.2d 727 (La.App. 4th Cir.1971) (court held that Louisiana court has no jurisdiction to compel nonresident witnesses to appear for deposition in Louisiana; Code of Civil Procedure article 1431 (now 1435) provides the exclusive means by which a nonresident witness may be deposed).[4]
Phillips argues that CKB, having qualified to do business in this state and having designated an agent for service of process, is the equivalent of a "resident" of Louisiana, thus subjecting the corporation to the subpoena power of a Louisiana court.[5] We disagree. CKB is not domiciled in this state, nor does it maintain an office here. Its only "presence" is in its designating an agent for service of process, which, as we have discussed, facilitates their being sued in a Louisiana court and exposed to personal jurisdiction.[6]
Because there is no statutory or other authority for a Louisiana court to compel a *1189 nonresident nonparty witness to attend and/or produce documents at a deposition to be held in this state, and because article 1435 specifically provides that the deposition of a nonresident witness shall be governed by the compulsory process of the state in which the witness resides, we hold that a Louisiana court cannot order a nonresident nonparty witness to appear and/or produce documents at a deposition in Louisiana, even if that nonresident nonparty is subject in another context to the personal jurisdiction of the court.[7]

DECREE
For these reasons, the ruling of the district court is reversed. The motion to quash the subpoena duces tecum is granted.
RULING OF DISTRICT COURT AND COURT OF APPEAL REVERSED. MOTION TO QUASH GRANTED.
NOTES
[*] Hall, J., not on the panel. Rule IV, Part 2, § 3. Charles A. Marvin, C.J., Court of Appeal, Second Circuit, sitting in place of Justice James L. Dennis.
[1] Phillips Petroleum Company (hereinafter "Phillips") is a successor to Aminoil, USA. Defendant Box Energy Corporation (hereinafter "Box Energy") is successor to OKC Limited Partnership. Aminoil and OKC were parties to the original farmout agreement.

Although the opinion above simply discusses the legal issue regarding a Louisiana court's authority to exercise its subpoena power on a nonresident nonparty corporation, it deserves mentioning that there is a relationship between Box Energy and its predecessor in interest, OKC, and CKB Petroleum (hereinafter "CKB"), the latter being the Texas corporation complaining here of the subpoena duces tecum. The majority of the stock in CKB is held by Box Brothers Holding Company, whose majority stockholder until his death was Cloyce K. Box. Cloyce K. Box was a general partner of OKC Limited Partnership and the chief executive officer of OKC and Box Energy.
[2] Phillips Petroleum Co. v. OKC Limited Partnership, 617 So.2d 65 (La.App. 4th Cir.1993).
[3] If CKB, a nonresident, were a party, it arguably would be subject to the subpoena power of the Louisiana court. A nonresident "person," which finds itself a party in Louisiana litigation must abide by the state's reasonable rules governing the processing of his suit. See La.Code Civ.Proc.Ann. art. 1355 (West 1976). So, too, must a nonresident plaintiff who has chosen Louisiana as the forum abide by these rules. Hohner v. Travelers Insurance Co., 246 So.2d 727, 728 (La.App. 4th Cir.1971) ("We cannot logically hold Louisiana courts have no jurisdiction over the person of a non-resident plaintiff when she has submitted herself to this jurisdiction in filing her petition for damages in this forum."). Similarly, if the nonresident were a defendant party, thus subject to the personal jurisdiction of a Louisiana court, he probably would be compelled to come to the state to give his deposition. See La.Code Civ.Proc.Ann. arts. 1355, 1473.

Article 1352 provides that a witness who resides in or is employed in this state may be subpoenaed to attend a trial or hearing wherever held in the state. Article 1352 does not, however, provide for the subpoena of a nonresident witness. An earlier version of article 1352, however, provided that a "witness, whether a party or not, who resides oe does business in this state may be sdubpoenaed to attend a trial or hearing wherever held in this state." This article was amended in 1961 to provide only for the subpoena of a witness who either resides or is employed in this state.
A witness, whether a party or not, who resides or is employed in this state may be subpoenaed to attend a trial or hearing whenever held in this state. No subpoena shall issue to compel the attendance of such a witness who resides and is employed outside the parish and more than twenty-five miles from the courthouse where the trial or hearing unless the provisions of R.S. 13:3661 are complied with.
La.Code Civ.Proc.Ann. art. 1352. The explanatory note following the new article suggests that this change was deliberate. "[T]he more precise phrase `or is employed in this state' was substituted for the less definite `does business in this state' of the original provisions, which had caused difficulty." La.Code Civ.Proc.Ann. art 1352, explanatory note (West 1961).
[4] Article 1431 then provided:

If the witness whose deposition is to be taken resides out of this state, the law of the place where the deposition is to be taken shall govern the compulsory process to require the appearance and testimony of witnesses.
Article 1431 was reenacted with minor changes in 1976 as article 1435. See infra fn. 7.
[5] Louisiana Code of Civil Procedure article 1436 provides in pertinent part:

A witness who is a resident of this state may be required to attend an examination to take his deposition only in the parish in which he resides or is employed or transacts his business in person, or at such other convenient place as may be fixed by order of court.
[6] We do not have to decide in this case whether a corporation may be a resident of more than one state, although some authorities have determined that it cannot. McMahon v. Louisiana Insurance Guaranty Association, 596 So.2d 1384 (La.App. 1st Cir.), writ denied, 604 So.2d 970 (La.1992); Anderson et ux. v. Standard Accident Insurance Co., 36 F.Supp. 7, 9 (E.D.La.1940) ("[C]orporation's residence can legally be nowhere else than within the limits of the sovereignty that created it.... [A]lthough one may be permitted to transact business where its charter does not operate, this does not bring about a `residence' beyond the limits of the State where the corporation had its legal birth."). See Salesworld, Inc. v. Southern Metals Co., 537 So.2d 928 (Ala.Civ.App.1988) (court noted that Alabama has no jurisdiction to order an out-of-state witness to appear in Alabama for deposition); Lee v. Hyster Co., 156 Ill.App.3d 214, 108 Ill.Dec. 890, 509 N.E.2d 586 (1987) (court found that the deposition of a nonparty out-of-state witness must be taken in the county where the deponent resides, is employed, or transacts business in person); Wiseman v. American Motors Sales Corp., 103 A.D.2d 230, 479 N.Y.S.2d 528 (N.Y.App.Div.1984) (court concluded that although notice of deposition can be given to an out-of-state nonparty witness, the deposition was entirely dependent on the cooperativeness of the witness). For there apparently is no office or attendant corporate personnel residing in Louisiana on whom might be served a subpoena or subpoena duces tecum. The agent for service of process is neither a corporate employee nor a custodian of corporate records. That agent's function is a limited one.
[7] A nonresident nonparty, however, is subject to the subpoena power of the state of its domicile or residence. The party seeking to depose the nonresident nonparty may take that deposition in the witness's home state. The Code of Civil Procedure article 1435 provides:

If the witness whose deposition is to be taken is found in another state, or in a territory district, or foreign jurisdiction, the law of the place where the deposition is to be taken shall govern the compulsory process to require the appearance and testimony of witnesses, but otherwise the provisions of this Chapter or of R.S. 13:3823 shall be applicable to such a deposition.