|1PLOTKIN, Judge.
Appellant Dr. Earl Stewart, a third party to the underlying litigation, appeals a trial court judgment holding him in contempt of court and fining him $500 for his failure to appear for a deposition scheduled by the defendant, State Farm Mutual Insurance Co., for which ,the court has previously issued a subpoena compelling his attendance. We affirm the judgment and remand.
Facts
The underlying litigation is a personal injury suit filed by plaintiffs, Angela Bernard, and her guest passengers, Desi Bradford, Darren Felder, and Brandon Bernard, against State Farm. The suit arises out of an automobile accident, which occurred on January 11, 1995, in the City of New Orleans. Following the accident, Ms. Bernard and Mr. Bradford sought medical treatment with the American Medical Group (“AMG”), complaining of cervical and lumbar pain. They were initially examined and treated by Dr. Stewart. Thereafter, they were treated by other AMG physicians; their treatment continued for some five months. On ^October 31, 1995, the plaintiffs filed suit against State Farm, Ms. Bernard’s uninsured/un-derinsured motorist (“UM”) insurance carrier.
As part of its investigation of the accident in preparation for trial of the matter, State Farm sought the deposition of Dr. Stewart. State Farm learned that Dr. Stewart was no longer employed by AMG, and that he had moved to Tallulah, Louisiana and was practicing medicine with the Tallulah Outpatient Clinic. State Farm claims that it made numerous calls to the Tallulah Outpatient Clinic in an attempt to find a suitable time to take Dr. Stewart’s-deposition. However, State Farm claims, Dr. Stewart continually failed to respond or to provide suggested times for the deposition.
Finally, on January 13, 1998, State Farm’s attorney sent a letter to Dr. Stewart by facsimile transmission, advising him that his deposition had been scheduled for January 23, 1998, at 1 p.m. at his office in Tallulah. Dr. Stewart was advised that a notice for the deposition would be filed with the court on January 16, 1998, unless Dr. Stewart notified State Farm’s attorney, prior to that date, that January 23 at 1 p.m. was an inconvenient time or date. Still, Dr. Stewart failed to respond.
On January 16, 1998, State Farm’s attorney filed the notice of Dr. Stewart’s deposition. On that date, the notice of deposition was forwarded to Dr. Stewart via Federal Express, along with a letter from State Farm’s attorney. All AMG medical records pertaining to Ms. Bernard and Mr. Bradford were also forwarded to Dr. LStewart. The record contains Federal Express’s delivery confirmation form dated January 19,1998.
When Dr. Stewart still failed to respond, a process server was appointed by the trial court to serve Dr. Stewart with a Notice of Deposition and a Subpoena compelling Dr. Stewart’s attendance at the deposition scheduled for January 23, 1998, at 1 p.m. The subpoena return, contained in the record of this case, notes that Dr. Stewart *611 was served at the Tallulah Outpatient Clinic by personal service on January 21, 1998.
On January 22, 1998, State Farm’s attorney contacted Tallulah Outpatient Clinic; he was advised that Dr. Stewart planned to cancel the deposition because his schedule was “full” and he did not have time to give the deposition. That same day, State Farm’s attorney received a facsimile transmission from the Tallulah Outpatient Clinic from “Lisa / Dr. E. Stewart,” which stated under “Re:” as follows:
deposition 1-23-98
Dr. Stewart is not scheduling any depositions at this time. He has a full schedule.
No alternate dates for the deposition were suggested in either the telephone call or the facsimile transmission.
On January 23, 1998, State Farm’s attorney and Claims Superintendent for State Farm traveled to Tallulah to take Dr. Stewart’s duly-noticed deposition. Despite the fact that Dr. Stewart’s attendance at the deposition was compelled by subpoena, he failed to appear. In fact, the record contains pictures indicating that |4the Tallulah Outpatient Clinic was closed. The record also contains a pro se verbal statement to that effect made by State Farm’s attorney and recorded by the court reporter. The attorney noted in the statement his intention to seek sanctions against Dr. Stewart.
On January 30, 1998, State Farm filed a “Motion to Compel/ Request for Sanctions,” requesting that Dr. Stewart be compelled to give his deposition and that he be taxed with all fees and costs occasioned by the failed attempt to take his deposition. Following a February 6, 1998, hearing on the motion, the trial court found Dr. Stewart in contempt of court and ordered him to pay $500. The court further ordered Dr. Stewart to appear for a deposition on February 19,1998.
Dr. Stewart appeals, questioning the trial court’s jurisdiction to issue the subpoena, the timeliness of the notice of deposition, and both the timeliness and the form of the subpoena compelling his attendance at the deposition. Finally, Dr. Stewart claims that the trial court improperly found him in contempt of court.[1] Because we find no merit in any of Dr. Stewart’s arguments, we affirm and remand to the trial court for further proceedings.
Trial court’s jurisdiction
First, Dr. Stewart argues that the trial court lacked jurisdiction or authority to compel him to attend the scheduled deposition both because he was not a party to the litigation and because he is no longer a resident of Orleans Parish. In support of this argument, Dr. Stewart quotes State Farm’s motion to appoint an individual process server, which stated as follows: “as the sheriff is unable to extend his | ¿jurisdiction outside of Orleans Parish, he is unable to make service.” Moreover, Dr. Stewart claims that he now lives in Mississippi and, thus, cannot be compelled by a Louisiana court to attend a deposition in Louisiana.
However, the fact that the Orleans Parish Civil Sheriff has no jurisdiction to serve subpoenas outside of Orleans Parish has no bearing on the jurisdiction of the court to compel the attendance of a third party at a deposition; neither does the mere fact that Dr. Stewart now allegedly resides in another state. That issue is controlled by La. C.C.P. arts. 1436 and 1437[2], which provide, in pertinent part, as follows:
Art. 1436. Stipulations; manner of taking; modification of procedures
*612 Unless the court orders otherwise and except as provided by Article 1425, the parties may by written stipulation provide that depositions may be taken before any person, at any time or place, upon any notice, and in any manner and when so taken may be used like other depositions, and modify the procedures provided by these rules for other methods of discovery.
* * * *
A witness who is a nonresident of this state, but is temporarily in this state, may be required to attend a examination to take his deposition only in the parish where he is served with a subpoena or at such other convenient place as may be fixed by order of court.
Art. 1437. Deposition upon oral examination; when deposition may be taken
After the commencement of an action, any party may take the testimony of any person, including a party, by deposition upon oral examination.... The attendance of witnesses may be compelled by the use of subpoena as for witnesses in trials.
In the instant case, the record indicates that State Farm met all the requirements of the above-quoted articles for compelling Dr. Stewart’s deposition in Louisiana. Even assuming that Dr. Stewart is no longer a resident of the State of Louisiana, he continued to be employed in this State, in' Tallulah, Louisiana, which |fiis located in Madison Parish; thus, he was temporarily in this State anytime he was present at the Tallulah Outpatient Clinic. While temporarily in this State, his attendance at a deposition could be compelled, under the provisions of the second paragraph of La. C.C.P. art. 1436, in any parish where he had been served with a subpoena. State Farm served Dr. Stewart with a subpoena in Madison Parish; thus, his attendance at a deposition in Madison Parish could be compelled.
Further, we find that the result in Phillips Petroleum v. OKC Ltd., 634 So.2d 1186 (La.1994) does not control the issue presented by this case. In Phillips, the Louisiana Supreme Court reversed a trial court judgment denying a third-party’s' claimant’s Motion to Quash a Subpoena issued to an out-of-state nonparty corporation. In reversing the judgment, the Louisiana Supreme Court stated that Louisiana’s Long-Arm Statute does not extend the subpoena power of Louisiana courts beyond State lines, and therefore could not serve as the basis for compelling the attendance of a non-resident nonparty witness at a deposition in Louisiana. Id. at 1188. However, the Phillips case did not address the issue presented by this case.
In the instant case, the non-party witness is a former Louisiana resident who previously treated the plaintiffs in Louisiana, then moved to another state, but who nevertheless continued to practice medicine and treat patients in Louisiana. Under the circumstances, the rules established by La. C.C.P. arts. 1436 and 1437 control. Because State Farm met the requirements of those articles, the trial court properly compelled Dr. Stewart to attend the deposition in Tallulah. Accordingly, we find |7no merit in Dr. Stewart’s arguments concerning the trial court’s jurisdiction and authority to issue the subpoena compelling his attendance at the deposition.
Timeliness of the notice of deposition
Second, Dr. Stewart claims that State Farm did not give him reasonable notice of the taking of the deposition. Dr. Stewart claims that he received less than three days notice of the scheduled deposition.
La. C.C.P. art. 1438 governs this issue. That article provides, in pertinent part, as follows:
A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action.
*613 We find that Dr. Stewart received reasonable notice of the deposition under the fact of this case.
The record reveals that State Farm tried to schedule the deposition with Dr. Stewart at a convenient time on several different occasions prior to the issuance of the subpoena; Dr. Stewart simply ignored all of State Farm’s attempts to schedule the deposition. Moreover, the record indicates that Dr. Stewart received ten days actual notice of the January 23, 1998. State Farm initially informed Dr. Stewart about the scheduled deposition by facsimile transmission sent to his Tallulah office on January 13, 1998. The subpoena was issued eight days later, on January 21, 1998, only because Dr. Stewart continued to ignore all of State Farm’s other efforts to schedule the deposition. Moreover, Dr. Stewart was timely notified that the subpoena would be sought if he did not respond to the facsimile transmission.
Dr. Stewart’s reliance on La. C.C.P. art. 1435 on this issue is misplaced. That article applies only to a deposition actually taken in another state or a ^territory, district, or foreign jurisdiction, or when the witness “is found in another state, or in a territory, district, or foreign jurisdiction.” In the instant case, Dr. Stewart was “found” at his office in Tallulah, Louisiana, not in another state, as he claims. Thus, we find no merit in Dr. Stewart’s arguments concerning the timeliness of the notice of deposition.
Timeliness and form of subpoena
Third, Dr. Stewart makes arguments concerning both the timeliness and the form of the subpoena compelling his attendance at the deposition. However, his timeliness argument refers only to the deposition scheduled on February 19, 1998, which deposition is not the subject of the instant appeal; thus, we pretermit consideration of his timeliness argument.
Concerning the form of the subpoena, Dr. Stewart claims that the subpoena did not include attendant affidavits as required by La. C.C.P. art. 1469.1, which provides as follows:
No order, subpoena, or subpoena duces tecum for the purpose of obtaining or compelling the production or inspection of medical, hospital, or other records relating to a person’s medical treatment, history, or condition, including a subpoena or order issued under Article 1463 and including a subpoena compelling the attendance of the custodian of records or other employee of the health care provider, either by name, title, or position, in connection with such production, shall be granted or issued except as provided in R.S. 13:3715.1.
Because State Farm did not seek the plaintiffs’ medical records from Dr. Stewart, the above article has no application to the instant case. In fact, the record reveals that State Farm had previously received the AMG medical records relative to Ms. Bernard and Mr. Bradford, presumably from the custodian of those records. Those records were forwarded to Dr. Stewart by State Farm along with the January 16, |91998, facsimile transmission noticing Dr. Stewart’s January 23, 1998 deposition. Thus, we find no merit in any of Dr. Stewart’s arguments concerning the timeliness or form of the subpoena.
Contempt judgment
Finally, Dr. Stewart argues that the trial court improperly held him in constructive contempt of court because of his failure to attend the scheduled deposition. “Contempt of court” is defined by La. C.C.P. art. 221 as “any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.” Generally, contempts of court are of two types: direct and constructive. La. C.C.P. art. 221. Direct contempts are those which are “committed in the immediate view and presence of the court and of which it has personal knowledge, or a contumacious failure to comply with a subpoena or summons, proof *614 of Service of which appears of record.” La. C.C.P. art. 222 (emphasis added). La. C.C.P. art. 224, which defines constructive contempt, provides, in pertinent part, as follows:
A constructive contempt of court is any contempt other than a direct one. Any of the following acts constitutes a constructive contempt of court:
[[Image here]]
(2) Willful disobedience of any lawful judgment, order, mandate, writ, or process of the court;
* * * * *
(10) Any other act or omission punishable by law as a contempt of court, or intended to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority, and which is not a direct contempt.
Thus, Dr. Stewart’s failure to appear for a deposition pursuant to a properly-served subpoena qualifies as a contumacious act, which may be punished after a trial by the judge. La. C.C.P. art. 225.
| i0Punishment for contempt of court is governed by LSA-R.S. 13:4611, which provides, in pertinent part, as follows:
Except as otherwise provided for by law:
(1) The Supreme Court, the Courts of Appeal, the District Courts, Family Courts, Juvenile Courts and the City Courts may punish a person adjudged guilty of a contempt of court therein, as follows:
❖ * lii #• *
(c) For a deliberate refusal to perform an act which is yet within the power of the offender to perform, by imprisonment until he performs the act; and
(d) For any other contempt of court ... by a fine of not more than $500.00, or imprisonment for not more than 3 months, or both.
Obviously, the trial court had the authority to hold Dr. Stewart in contempt of court and to fine him $500 for his contumacious failure to appear for a deposition that he had been subpoenaed to attend. Proof of the service of the subpoena appears in the record of this case. Thus, we find no merit in Dr. Stewart’s arguments concerning the contempt judgment.
Conclusion
For the above and foregoing reasons, the trial court judgment is affirmed. The case is remanded to the trial court for further proceedings consistent with this decision. All costs of this appeal are taxed to Dr. Stewart.
AFFIRMED AND REMANDED.
JONES, J., dissents with reasons.

. Dr. Stewart also raises other issues regarding actions that apparently occurred after the judgment that is the subject of this appeal. Because those issues are not properly before this court, we will not address them.

. Dr. Stewart cites LSA-R.S. 13:3661; however, that statute, which refers to compelling a non-resident witness to attend trial or court, has no application to this case.