JOHN MOLAISON AND DANIELLE MOLAISON

VERSUS

CUST-O-FAB SPECIALTY SERVICES, LLC; EXCEL MODULAR SCAFFOLD AND LEASING CORPORATION; TURNER INDUSTRIES GROUP, LLC; ABC INSURANCE CORPORATION; XYZ INSURANCE CORPORATION; AND 123 INSURANCE CORPORATION

NO. 21-CA-585

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 72,83, DIVISION "B"
HONORABLE KIRK A. VAUGHN, JUDGE PRO TEMPORE,
PRESIDING

June 01, 2022

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and Hans J. Liljeberg

**VACATED, IN PART;**
**AFFIRMED, IN PART;**
**REMANDED WITH INSTRUCTIONS**
    **MEJ**
    **SJW**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR INTERVENOR/APPELLANT,
DENKA PERFORMANCE ELASTOMER, LLC
     Jerry L. Stovall, Jr.
     Christopher A. Mason
     Alexa Candelora

COUNSEL FOR DEFENDANT/APPELLEE,
CUST-O-FAB SPECIALTY SERVICES, LLC
     John P. Wolff, III
     Chad A. Sullivan
     Tori S. Bowling
     Sydnee D. Menou
     Brandi A. Barze

COUNSEL FOR PLAINTIFF/APPELLEE,
JOHN MOLAISON AND DANIELLE MOLAISON
     Andre' P. Gauthier
     Lee J. Amedee, III

**JOHNSON, J.**

Appellant/Nonparty, Denka Performance Elastomer, LLC (hereinafter referred to as "Denka"), appeals the trial court's ruling that denied its motion for summary protective order and motion to quash subpoenas *duces tecum* and for corporate deposition in favor of Appellees/Defendants, Cust-O-Fab Specialty Services, LLC (hereinafter referred to as Cust-O-Fab") and Turner Industries Group, L.L.C. (hereinafter referred to as "Turner Industries"), from the 40th Judicial District Court, Division "B". For the following reasons, vacate the judgment, in part, affirm, in part, and remand the matter with instructions.

## FACTS AND PROCEDURAL HISTORY

This matter arises from a pending litigation involving a petition for damages filed by Plaintiffs, John Molaison and Danielle Molaison, against Cust-O-Fab, Turner Industries, Excel Modular Scaffold and Leasing Corporation, and their respective insurers on April 12, 2018. In their petition, Plaintiffs allege that on July 27, 2017, Mr. Molaison was at an industrial, neoprene manufacturing facility owned by Denka in LaPlace, Louisiana. Mr. Molaison was employed as an operator by Denka at the facility and was assisting in the preparation of a recovery column for entry by workers who would be performing repairs of the column. The petition further alleges that Mr. Molaison fell 22 feet through an open hole while inspecting the recovery column on the second floor in the area where a reboiler had been removed. Cust-O-Fab and Turner Industries are alleged to be responsible for the installation and verification that all scaffolding, barricades, gates, tags, and warning tapes were in place, and ensuring that the area surrounding the recovery column and reboiler posed no threat to the safety and welfare of persons in said area. Cust-O-Fab and Turner Industries both filed answers to the petition and asserted Plaintiff (Mr. Molaison) and third-party faults as affirmative defenses.

Cust-O-Fab, Turner Industries, and Plaintiffs issued subpoenas for

documents and for La. C.C.P. art. 1442 corporate deposition to Denka, a nonparty, nonresident of Louisiana, in August of 2019. The subpoenas contained 43 separate document requests and 88 topics for requests, and depositions were scheduled to take place on October 2 and 3, 2019 at Cust-O-Fab's office in Baton Rouge, Louisiana. In opposition, Denka filed a motion for summary protective order and motion to quash subpoenas for documents and for 1442 corporation deposition. Denka asserted that it was not subject to the subpoena power of the trial court, and the subpoenas for documents and for 1442 corporation deposition had no relevance to any claim asserted by Plaintiffs or affirmative defenses raised by Cust-O-Fab and Turner Industries.

A hearing on Denka's motions was held on October 18, 2019. The trial court took the matter under advisement. On March 3, 2020, after multiple delays due to COVID-19, the trial court rendered its judgment that denied Denka's motions. The judgment also limited the discovery requests to one corporate representative and two fact witnesses to the accident, Boyd Detillier and Brett Steib. In its reasons for judgment, the trial court found that Cust-O-Fab and Turner Industries were entitled to discover as much relevant factual information pertinent to the current litigation, provided that the requested information is not privileged. However, the court also agreed with Denka that the scope of the discovery requests was onerous, particularly for a nonparty to the litigation. Thus, in an effort to satisfy the parties' concerns, the court ordered that Denka appoint one corporate representative and the two fact witnesses to the accident.

Denka filed a supervisory writ with this Court, seeking review of the March 3, 2020 judgment. This Court found that the judgment was a final, appealable judgment, and remanded the matter to the trial court for preparation of an appeal. *Molaison v. Cust-O-Fab Specialty Services, LLC*, 20-136 (La. App. 5 Cir. 6/1/20)(unpublished writ disposition). The instant appeal followed.

<h1 style="text-align: center;">ASSIGNMENTS OF ERROR</h1>

On appeal, Denka alleges the trial court erred in: 1) ruling that Denka, a nonresident, nonparty corporation, is subject to the subpoena power of a Louisiana trial court; 2) ruling that Defendants were allowed to demand "pre-suit" depositions from Denka for the purpose of searching for evidence to prove Denka's fault; 3) failing to conduct an analysis of whether Defendants showed good cause to issue subpoenas to Denka, proving that the demands were relevant and for non-privileged information; and 4) failing to provide guidance to the parties of the topics and testimony of the employees, if any, that were found to be relevant and non-privileged.

<h1 style="text-align: center;">LAW AND ANALYSIS[1]</h1>

<u>General Principles of Law</u>

In *Centanni v. Centanni*, 21-30, p. 4 (La. App. 5 Cir. 10/19/21); --- So.3d ---, 2021WL4852145, *writ denied*, 21-1851 (La. 2/15/22); 332 So.3d 1184, this Court provided the following discussion concerning discovery:

> The basic objectives of the Louisiana discovery process are to: 1) afford all parties a fair opportunity to obtain facts pertinent to the litigation; 2) discover the true facts and compel disclosure of these facts wherever they may be found; 3) assist litigants in preparing their cases for trial; 4) narrow and clarify the basic issues between the parties; and, 5) facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims. The discovery statutes are to be liberally and broadly construed to achieve their intended objectives. A party generally may obtain discovery of any information, not privileged, which is relevant to the subject matter involved in the pending action. The test of discoverability is not the admissibility of the particular information sought, but whether the information appears reasonably calculated to lead to the discovery of admissible evidence.

> There are limitations to these rules, however, when justice requires that a party or other person be protected from annoyance, embarrassment, oppression, or undue burden or expense. When seeking to subpoena documents and information from a non-party, Louisiana courts require a showing of relevancy and good cause.

---

[1] Turner Industries did not file a brief in this matter.

21-CA-585                              3

(Internal citations omitted).

Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: 1) that discovery not be had; 2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; 3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; 4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; 5) that discovery be conducted with no one present except persons designated by the court; 6) that a deposition after being sealed be opened only by order of the court; 7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; and 8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the courts. La. C.C.P. art. 1426(A). If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. La. C.C.P. art. 1423(B).

Appellate courts review a trial court's rulings on motions to quash and for protective orders concerning subpoenas *duces tecum* under an abuse of discretion standard. *In re Subpoena Duces Tecum by Inspector General of City of New Orleans to Duplantier, Hrapman, Hogan & Maher*, 21-10 (La. App. 4 Cir. 8/4/21); 326 So.3d 1265, 1273.

Right to Subpoena

Denka alleges that the trial court erred in ruling that Denka is subject to the subpoena power of a Louisiana court. It argues that, as a nonresident, nonparty

corporation, the trial court simply does not have any authority to order Denka to appear and produce documents in Louisiana, even though it would otherwise be subject to personal jurisdiction of the court. It contends that *Phillips Petroleum Co. v. OKC Ltd. Partnership*, 93-1629 (La. 4/11/94); 634 So.2d 1186, supports its position.

Cust-O-Fab argues that the trial court's ruling was correct and appropriate under Louisiana law and the facts of this case because *Phillips*, *supra*, does not control in this matter. It asserts that *Phillips* is distinguishable from the particular facts of this case because Denka has specific connections to this litigation, and Denka's non-resident status is a legal fiction. It alleges that Denka's corporate headquarters is located in LaPlace, Louisiana, and Denka maintains the chemical plant facility where the accident occurred in Louisiana. Cust-O-Fab further asserts that the plaintiff, Mr. Molaison, claims no memory of the accident, and Denka performed an investigation of the accident but refused to allow the subcontractors to participate; thus, all of the information about the cause, mechanism, or other circumstances surrounding the accident lie solely within the knowledge of Denka and its employees. It maintains that Denka has effectively prohibited access to relevant, non-privileged information and has delayed discovery essential to this matter.

In *Phillips*, *supra*, the Louisiana Supreme Court considered the issue of whether the issuance of a subpoena *duces tecum* to an out-of-state nonparty corporation, which required that nonparty to appear and produce documents at a deposition being held in Louisiana, was sanctioned by Louisiana law. In that matter, a petroleum company (Phillips Petroleum Company) brought suit against a corporation (Box Energy Corporation) for an alleged failure to properly account for Phillips' share of profits for a federal offshore mineral lease. Phillips issued a subpoena *duces tecum* to CKB Petroleum, a nonparty to the litigation, which was a

Texas corporation with its principal office in Dallas, Texas. Although CKB was qualified to do business in Louisiana and had a Louisiana agent for service of process, CKB did not maintain an office in Louisiana. CKB's only activity in Louisiana was the maintenance of a pipeline. CKB moved to quash the subpoena, which was denied by the trial court and affirmed by the appellate court. *Id*. at 1187.

Upon review, the supreme court rejected the argument that, because CKB qualified to do business in Louisiana and had a designated agent for service of process, CKB could be subjected to the subpoena power of a Louisiana court. The court found that CKB's only "presence" in Louisiana was designating an agent for service of process, which facilitated its being sued in a Louisiana court and exposed to personal jurisdiction. *Id*. at 1188. The supreme court concluded that— because there was no statutory or other authority for a Louisiana court to compel a nonresident, nonparty witness to attend and/or produce documents at a deposition to be held in Louisiana and La. C.C.P. art. 1435 specifically provided that the deposition of a nonresident witness shall be governed by the compulsory process of the state in which the witness resides—a Louisiana court could not order a nonresident, nonparty witness to appear and/or produce documents at a deposition in Louisiana, even if that nonresident, nonparty is subject in another context to the personal jurisdiction of the court. *Id*. at 1188-89.

In this matter, Denka maintains a facility in Louisiana, which is the facility where the accident occurred. Denka also employs workers, like John Molaison, in Louisiana. Thus, under these circumstances, we find that this case is distinguishable from *Phillips*. Because the set of facts in this matter are distinguishable from those in *Phillips*, we hold that *Phillips* does not control the

instant discovery issue presented.  Therefore, we find the discovery rules control[2], and the trial court did not err in ruling that Denka is subject to the subpoena power of a Louisiana court.  (*See*, *Bernard v. State Farm Mut. Auto. Ins. Co.*, 98-2509 (La. App. 4 Cir. 6/30/99); 742 So.2d 609, 612, where the Louisiana Fourth Circuit found that *Phillips* did not control when the subpoenaed nonparty witness was a former Louisiana resident who moved out of state but continued to practice medicine and treat patients in Louisiana.)

Deposition Testimony

Denka alleges the trial court erred in allowing the subpoenas for documents and depositions because they constitute an impermissible violation of Denka's due process rights and improper pre-suit discovery.  It argues that Cust-O-Fab and Turner Industries' purposes of their pre-litigation discovery demands are to conduct a fishing expedition to attribute some quantum of fault or liability against Denka without first pleading the factual allegations and theories of liability.  Denka contends that the subpoenas are a calculated attempt to deny it the fundamental right of due process of law to meet the accuser and be able to mount a defense after accusations of material facts and law have been made in the petition, answer, or incidental demand.

Cust-O-Fab argues that the scope of the requested discovery is appropriately tailored to discovery of information critical to the contractors' defense of Mr. Molaison's claims.  It asserts that, under Louisiana's pure comparative fault system, Denka may still be allocated fault on the verdict form, even if it is not obligated to pay in tort by operation of workers' compensation immunity.  It maintains that it is entitled to develop its defense on fault.  It contends that the trial court's ruling balanced the parties' interests and honored the spirit of the law, such

---

[2] After the commencement of an action, any party may take the testimony of *any* person, including a party, by deposition upon oral examination.  La. C.C.P. art. 1437.

that it should not be reversed.

Discovery is not to be used as a fishing expedition. *Petch v. Humble*, 41,301 (La. App. 2 Cir. 8/23/06); 939 So.2d 499, 506, *writ denied*, 06-2482 (La. 12/15/06); 945 So.2d 692. A party generally may obtain discovery of any information, not privileged, which is relevant to the subject matter involved in the pending action. *Centanni*, *supra*. The test of discoverability is not the admissibility of the particular information sought, but whether the information appears reasonably calculated to lead to the discovery of admissible evidence. *Id*. Discovery should be allowed where such discovery "relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." *State ex rel. Ieyoub v. Racetrac Petroleum, Inc.*, 01-458 (La. App. 3 Cir. 6/20/01); 790 So.2d 673, 685, *quoting* La. C.C. P. art. 1422.

Here, both Cust-O-Fab and Turner Industries have pleaded the fault of a third party as an affirmative defense. Cust-O-Fab argues that documents produced by Denka in response to a previous subpoena *duces tecum* reflect Denka considered ultimate questions central to a determination of liability in this matter, and testimony is needed to develop central facts for trial. Pursuant to La. C.C.P. art. 1442, Cust-O-Fab and Turner Industries are not required to plead their affirmative defense with particularity prior to seeking discovery from Denka. Accordingly, we do not find that the trial court erred in allowing Cust-O-Fab and Turner Industries to discover information relevant to their defenses.

Analysis of Good Cause

Denka alleges the trial court erred in allowing the subpoenas for documents and depositions because Cust-O-Fab and Turner Industries failed to show that the

onerous subpoena demands are relevant to any pleaded claim or defense and are needed for good cause. Denka argues that all or nearly all of the demands for corporate testimony and documents from it are based upon deposition topics and document requests attempting to fish for evidence of alleged fault against it. It contends that subjecting it to the overbroad discovery and deposition demands is an undue hardship, and the ruling should have been resolved by granting Denka's motion *in toto* and issuing permanent protective orders. Denka further argues that many of the demands for topics and depositions are for privileged documentation and testimony—*e.g.*, documentation prepared by Denka or its attorneys, surety, indemnitor, expert, or agent; any financial information or insurance of Denka; confidential information regarding vendors used by Denka to procure equipment and materials; post-accident investigations and/or subsequent remedial measures; confidential medical records and compensation earnings records concerning specific Denka employees, namely Brett Steib and Boyd Detillier; and, attorney-client privileged work product—and would be non-discoverable, even if Denka were a named party to the lawsuit.

Cust-O-Fab asserts that Denka intentionally interposed its counsel and excluded the defendant contractors from the post-incident investigation in a preemptive effort to limit access to its findings. It maintains that Denka seeks application of the attorney-client privilege and work product doctrine far beyond the scope of those protections, and Denka should not be allowed to shield information from discovery simply by stamping its attorney's name to the investigation and information. It argues that cursory statements of privilege are insufficient to meet Denka's burden on this issue, especially where the information sought is plainly factual and generally unsuitable to a privilege claim. Cust-O-Fab further asserts that the requested discovery is appropriately tailored to obtain needed information, and the fact that Denka possesses a large volume of the

information needed to determine this case does not render the request for the information improper.

Here, the trial court denied Denka's motion for protective order and motion to quash subpoenas for documents and for 1442 corporate deposition. The court limited the discovery requests for Denka to one corporate and two fact witnesses to the accident, Boyd Detillier and Brett Steib. In its written reasons for judgment, the court found that Cust-O-Fab and Turner Industries were entitled to discover as much relevant information that is pertinent to the instant litigation, provided that the requested information is not privileged. However, the court agreed with Denka that the scope of the 43 separate document requests and 88 topic and issue requests were onerous, particularly for a nonparty to the litigation, and limited the number of witnesses in an attempt to satisfy the concerns of the parties. Nevertheless, the court did not determine which requests were onerous or specify the scope of the requests Cust-O-Fab and Turner Industries were entitled to discover. Therefore, we find that the trial court erred in failing to limit the scope of the requests.

Accordingly, we vacate the judgment, in part, and remand to the trial court with the instruction to render a ruling that determines all of the issues set forth before it, which includes the limitations applicable, if any, to the specific discovery requests.

Guidance for Relevant and Non-Privileged Information

Alternatively, Denka argues that the matter should be remanded to the trial court to determine the specific scope, nature, and extent of the allowable topics for the corporate representative deposition and depositions of Denka employees. It argues that the trial court's judgment is incapable of being reasonably complied with in its current form.

Because of our finding in the previous assignment of error, this issue is

moot.

## DECREE

For the foregoing reasons, we vacate the March 3, 2020 trial court judgment, in part, affirm, in part, and remand the matter with the instructions provided within this opinion. In all other respects, the judgment is affirm. Each party is to bear their own costs of this appeal.

<u>**VACATED, IN PART;**</u>
<u>**AFFIRMED, IN PART;**</u>
<u>**REMANDED WITH INSTRUCTIONS**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JUNE 1, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-585

### E-NOTIFIED
40TH DISTRICT COURT (CLERK)
HONORABLE KIRK A. VAUGHN, JUDGE PRO TEMPORE (DISTRICT JUDGE)

ALEXA CANDELORA (APPELLANT)       CHRISTOPHER A. MASON (APPELLANT)       JERRY L. STOVALL, JR. (APPELLANT)
CHAD A. SULLIVAN (APPELLEE)        TORI S. BOWLING (APPELLEE)             RYAN R. BROWN (APPELLEE)
THOMAS E. BALHOFF (APPELLEE)       ANDRE' P. GAUTHIER (APPELLEE)          DANIEL E. BECNEL, III (APPELLEE)

### MAILED
LEE J. AMEDEE, III (APPELLEE)          KATHRYN W. BECNEL (APPELLEE)        BRANDI A. BARZE (APPELLEE)
ATTORNEY AT LAW                        ATTORNEY AT LAW                     ATTORNEY AT LAW
2111 SOUTH BURNSIDE AVENUE             425 WEST AIRLINE HIGHWAY            701 MAIN STREET
GONZALES, LA 70737                     SUITE B                            BATON ROUGE, LA 70802
                                       LAPLACE, LA 70068

JUDITH R. ATKINSON (APPELLEE)                                             MARK D. CHIASSON (APPELLEE)
ATTORNEY AT LAW                        GEORGE A. WRIGHT (APPELLEE)         ATTORNEY AT LAW
8440 JEFFERSON HIGHWAY                 JOHN P. WOLFF, III (APPELLEE)       POST OFFICE BOX 12
SUITE 301                              RICHARD W. WOLFF (APPELLEE)         THIBODAUX, LA 70302
BATON ROUGE, LA 70809                  SYDNEE D. MENOU (APPELLEE)
                                       ATTORNEYS AT LAW
                                       POST OFFICE BOX 1151
                                       BATON ROUGE, LA 70821