JERRY LEE GAUDET

VERSUS

MOSAIC FERTILIZER, LLC, ET AL.

NO. 24-CA-389

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ST. JAMES, STATE OF LOUISIANA
NO. 40,635, DIVISION "D"
HONORABLE STEVEN C. TUREAU, JUDGE PRESIDING


February 05, 2025


**TIMOTHY S. MARCEL**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Scott U. Schlegel, and Timothy S. Marcel


**AFFIRMED**
 **TSM**
 **JGG**

**DISSENTS WITH REASONS**
 **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Waquin
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
MOSAIC FERTILIZER
  Louis M. Grossman
  Mark A. Marionneaux
  John F. Jakuback
  Lana D. Crump
  Katie D. Bell
  Forrest E. Guedry

COUNSEL FOR DEFENDANT/APPELLEE,
SAVAGE
  Matthew C. Nodier
  Daniel E. Brauner
  Amanda E. McGowen
  Kimberly L. Wood

**MARCEL, J.**

This appeal concerns a discovery dispute in a suit arising from burn injuries sustained by plaintiff, Jerry Lee Gaudet, while attempting to recover an overturned truck owned by defendant Savage Services Corporation ("Savage"), inside the Mosaic Fertilizer, LLC facility in St. James Parish. Third-party, former defendants Mosaic Fertilizer, LLC and Mosaic Crop Nutrition, LLC (collectively "Mosaic"), seek supervisory review of an April 26, 2024 district court judgment granting a Motion to Compel a response to a Notice of Deposition for Records Only with Subpoena Duces Tecum issued by defendant Savage to Mosaic. This judgment was certified as a partial final judgment under La. C.C.P. art. 1915 because Mosaic are no longer defendants in the main demand, having previously settled claims with plaintiff. For the following reasons, we affirm the judgment of the district court.

BACKGROUND

On August 9, 2023, Savage filed a Notice of Deposition for Records Only Subpoena Duces Tecum on the Mosaic defendants seeking the production of documents relating to plaintiff's accident at the Mosaic facility. Documents described in the subpoena include: copies of general liability insurance policies issued to Mosaic, correspondence between plaintiff and Mosaic, a copy of the settlement agreement between plaintiff and Mosaic, the identities of persons interviewed by Mosaic during the course of its investigation of the incident, personnel files for specific Mosaic employees, communications between Mosaic and OSHA, all documents relating to the accident, and other specified documents. The subpoena was effectively served on Mosaic's registered agent for service of process. Mosaic did not produce the requested documents.

On February 15, 2024, Savage filed a Motion to Compel seeking enforcement of the subpoena and the production of the requested documents.

1

Following a hearing on the motion, the district court issued a judgment on April 26, 2024 granting the motion. A motion staying the execution of the district court's judgment pending the appeal was granted. Mosaic's timely appeal follows.

Appellants raise four assignments of error which may be summarized as (1) the district court lacks the jurisdiction and authority to issue an in-state subpoena to a non-party, non-resident; (2) the district court abused its discretion in upholding and enforcing the subpoena despite its noncompliance with La. C.C.P. art. 1354(H) and La. C.C.P. art. 1353; (3) the district court abused its discretion in hearing a motion to compel on a discovery dispute despite the moving party failing to conduct a Rule 10.1 discovery conference and without a Rule 10.1 certificate of conference; and (4) the district court abused its discretion in failing to hear and rule on document specific and categorical objections to document requests in the non-party subpoena despite written objections. We consider these assignments of error in our discussion below.

## DISCUSSION

*Standard of Review*

In ruling on discovery matters, the district court is vested with broad discretion and, upon review, an appellate court should not disturb such rulings absent a clear abuse of discretion. *Khoobehi Props., LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506 (La. App. 5 Cir. 3/29/17), 216 So. 3d 287, 303.

*Authority of the District Court to Subpoena a Nonparty*

Mosaic raises as its first assignment of error that the district court lacks the jurisdiction and authority to issue an in-state subpoena to a non-party, non-resident. As support for its argument that a Louisiana court cannot order a non-party, non-resident witness to appear and/or produce documents at a deposition in Louisiana, Mosaic cites the Louisiana Supreme Court in *Phillips Petroleum Co. v. OKC Ltd. P'ship*, 634 So.2d 1186, 1188 (La. 1994). We find the *Phillips* case distinguishable

from the case before us. In *Phillips*, the court found that the only "presence" of the non-party corporation sought to be deposed was designation of an agent for service of process. *Id.* In contrast, Mosaic maintains a facility in Louisiana, and that facility is where the accident occurred. Mosaic also employs workers in Louisiana. We find no error or abuse of discretion in the district court's ruling that Mosaic is subject to the subpoena power of a Louisiana court. *See Molaison v. Cust-O-Fab Specialty Servs., LLC*, 21-585 (La. App. 5 Cir. 6/1/22), 343 So.3d 866. This assignment of error is without merit.

*Noncompliance with Article 1354 and Article 1353*

In its second assignment of error, Mosaic contends the district court abused its discretion in upholding and enforcing the subpoena duces tecum despite its noncompliance with La. C.C.P. art. 1354(H) and La. C.C.P. art. 1353. It is undisputed that the subpoena duces tecum served on Mosaic by Savage did not reproduce in full the provisions of Article 1354. Additionally, Savage did not deposit witness fees and expenses as provided for under La. C.C.P. art. 1353.

Under the facts presented, Mosaic contends the district court abused its discretion by not striking the subpoena duces tecum for its non-conformity with La. C.C.P. art. 1354, which sets forth the requirements of a subpoena duces tecum. Subsection (H) of that Article states, "[s]ubpoenas duces tecum shall reproduce in full the provisions of this Article." Mosaic argues that the inclusion of the word "shall" contained in La. C.C.P. art. 1354(H) makes the inclusion of such language mandatory, and that Savage's failure to follow the provision means that the district court should have struck the subpoena duces tecum as null and void. Mosaic cites no case or jurisprudence in support of such an enforcement mechanism. Further, Mosaic has not argued that they were unaware of the procedures for objecting to a subpoena duces tecum.

24-CA-389

The text of the article itself provides no remedy for failing to follow the mandatory requirement of subsection (H). However, the 2008 comments on Article 1354 suggest what was intended by the inclusion of subsection (H):

> (c) In order to inform the subpoenaed person of the procedures for objecting to a subpoena duces tecum, Paragraph H adds the requirement that all subpoenas duces tecum reproduce the provisions of this Article. It is **suggested** that the subpoena forms include a prominent notice that Article 1354 appears in full on the back of the form. [*emphasis added*]

While the article text includes the term "shall", comment (c) reflects that it was not the legislative intent for compulsory invalidation of subpoenas duces tecum that omit a recitation of La. C.C.P. art. 1354. Imposing the remedy sought by Mosaic, beyond creating an enforcement mechanism not crafted by the legislature in the text of the Article, would be detrimental to judicial efficiency. Therefore, we find the district court's failure to vacate or strike the subpoena duces tecum for non-compliance with La. C.C.P. art. 1354(H) was not an abuse of its discretion.

Mosaic also argues in this assignment of error that the district court abused its discretion by failing to strike the subpoena as null and void for Savage's failing to deposit witness fees and expenses. La. C.C.P. art. 1353 states that "no subpoena shall issue until the party who wishes to subpoena the witness first deposits with the clerk of court a sum of money sufficient to pay all fees and expenses to which the witness is entitled by law." Additionally, La. R.S. 13:3661(C) states, "[n]o witness shall be subpoenaed to attend a trial or hearing unless the party who desires the testimony of the witness has deposited with the clerk of court the estimated attendance fee and travel expenses."

As noted above, Savage did not deposit witness expenses and fees with the clerk of court when it requested issuance of its subpoena duces tecum. Mosaic argues that this failure to tender that deposit means that the subpoena is null and

24-CA-389

void.  Savage responds by arguing that these statutes are not applicable in this case because the subpoena in question was issued only for the production of documents, not to summon witnesses to testify.

On the record before use, we note the subpoena request was for the production of certain documents; it did not command the appearance of a witness to give testimony.  Therefore, we find the district court's denial of Mosaic's request to strike the subpoena duces tecum for non-compliance with La. C.C.P. art. 1353 was not an abuse of its discretion.

This assignment of error is without merit.

*Failure to Conduct a Rule 10.1 Conference or Provide Rule 10.1 Certificate*

Mosaic's third assignment of error asserts the district court abused its discretion in hearing a motion to compel on a discovery dispute when the moving party failed to conduct a Rule 10.1 discovery conference and include a Rule 10.1 Certificate of Conference in the motion.  There is no factual dispute regarding this assigned error.  Savage did not include a Rule 10.1 Certificate of Conference in its Motion to Compel, nor did Savage formally request a Rule 10.1 Conference before filing that motion.  Rule 10.1 of the District Court Uniform Rules states:

> (a) Before filing any motion to compel discovery, the moving party or attorney shall confer in person or by telephone with the opposing party or counsel for the purpose of amicably resolving the discovery dispute.  The moving party or attorney shall attempt to arrange a suitable conference date by written notice sent at least five (5) days before the conference date, unless an earlier date is agreed upon or good cause exists for a shorter time period.  If by telephone, the conference shall be initiated by the person seeking the discovery responses.

> (b) No counsel for a party shall file, nor shall any clerk set for hearing, any motion to compel discovery unless accompanied by a "Rule 10.1 Certificate of Conference" as set forth below…

> (c) If the court finds that the parties or counsel have failed to confer in good faith, or have willfully failed to confer, the court may impose, at its discretion, sanctions on the non-conferring party, including attorney fees and costs.

5

In support of this assignment of error, Mosaic argues that the term "shall" contained in subparts (a) and (b) of the rule impose a mandatory obligation, and the only proper remedy for failure to conduct a Rule 10.1 discovery conference is dismissal of Savage's Motion to Compel. We disagree.

The district court rules are intended to govern interactions between the courts, counsel, and litigants, and to ensure the administration of justice in an efficient and effective manner. Uniform Rules - District Courts Rule 1.0. The trial court has great discretion in the construction, interpretation, application, or enforcement of its own rules. *At Your Serv. Enterprises, Inc. v. Swope*, 07-1620 (La. App. 4 Cir. 1/14/09), 4 So.3d 138, 141; *Miller v. Miller*, 35,934 (La. App. 2 Cir. 5/8/02), 817 So.2d 1166, 1172, *writ denied*, 02-1890 (La. 10/25/02), 827 So.2d 1154. The rules should not be construed so literally as to defeat their intended purpose. *Id.* Further, appellant's proposed interpretation disregards subpart (c) that expressly provides trial courts with discretion to enforce the rule.

Upon review, we find no abuse of discretion in the district court's decision not to dismiss Savage's Motion to Compel for failing to include a Rule 10.1 Certificate of Conference or conducting a formal Rule 10.1 Conference. The evidence and transcripts in the record indicate that counsel for Savage and counsel for Mosaic engaged in multiple informal conferences concerning the production of documents in response to the subpoena prior to the filing of the Motion to Compel. Thus, the district court acted soundly within the discretion expressly referenced in subpart (c) of the rule. This assignment of error is without merit.

*Purported Failure to Consider Written Objections*

Finally, Mosaic argues that the district court abused its discretion in failing to hear and rule on document specific and categorical objections to document requests in the non-party subpoena despite written objections. However, Mosaic offers no legal support for its argument, and we find no support in the record for its

6

claim that "[t]he district court did not in any way consider these specific and categorical objections…" The record indicates that the district court considered and rejected Mosaic's written objections. Mosaic has not sought review of that determination, but instead has requested that this Court remand the matter back to the district court for reconsideration, providing us with only a designated record that precludes us from evaluating the merits of those objections. This assignment of error is without merit.

CONCLUSION

Upon review of the designated record before us and considering arguments of counsel on appeal, we find no abuse of the district court's broad discretion in its judgment granting Savage's Motion to Compel. The judgment of the district court is affirmed.

**<u>AFFIRMED</u>**

JERRY LEE GAUDET

VERSUS

MOSAIC FERTILIZER, LLC, ET AL.

NO. 24-CA-389

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

## SCHLEGEL, J., DISSENTS WITH REASONS

The word "shall" means "shall." Thus, I respectfully dissent. La. R.S. § 1:3 and La. C.C.P. art. 5053 unequivocally state that "[t]he word 'shall' is mandatory and the word 'may' is permissive."

The majority, however, suggests that because "[t]he text of the article itself provides no clear remedy for failing to follow the mandatory requirement of subsection (H)," the Court should look to the comments for guidance on the legislature's intent. I disagree.

The law is not ambiguous so there is no reason to look to the comments. "When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit." La. R.S. § 1:4.

Moreover, the law itself, not a comment to the law, is the solemn expression of legislative will, and it is the Court's duty to apply it as written. As stated in *Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 24-449 (La. 10/25/24), 395 So.3d 717, 723 (internal citations omitted):

> Legislation is the solemn expression of legislative will; as such, statutory interpretations are primarily the search for legislative intent. The interpretation of any statute begins with the statute itself. When the law in question is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied as written; no further interpretation in search of legislative intent is required.

1

The statute at issue, La. C.C.P. art. 1354(H), clearly and unambiguously requires that "[s]ubpoenas duces tecum shall reproduce in full the provisions of this Article." When the legislature mandates that certain steps "shall" be taken, Courts are not free to excuse noncompliance. If we ignore mandatory requirements and instead consider them as optional just because the violation appears harmless, we begin to erode trust in our system of justice.

It is undisputed that the subpoena duces tecum issued and served on Mosaic did not include the language of La. C.C.P. art. 1354 as required by section (H), which provides: "[s]ubpoenas duces tecum **shall** reproduce in full the provisions of this Article." (Emphasis added). Accordingly, I would reverse the judgment of the trial court and require that a new subpoena be issued in compliance with statutory requirements to give effect to the language of La. C.C.P. art. 1354(H).

24-CA-389

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 5, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-CA-389**

### E-NOTIFIED

23RD JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEVEN C. TUREAU (DISTRICT JUDGE)
LOUIS M. GROSSMAN (APPELLANT)          MARK A. MARIONNEAUX (APPELLANT)          ROBERT L. RAYMOND (APPELLEE)
MATTHEW C. NODIER (APPELLEE)

### MAILED

RENEE C. MCKAY (APPELLEE)
ATTORNEY AT LAW
1100 POYDRAS STREET
SUITE 1700
NEW ORLEANS, LA 70163

J. ROBERT ATES (APPELLEE)
ATTORNEY AT LAW
POST OFFICE BOX 368
NEW SARPY, LA 70078

AMANDA E. MCGOWEN (APPELLEE)
DANIEL E. BRAUNER (APPELLEE)
KIMBERLY L. WOOD (APPELLEE)
ATTORNEYS AT LAW
6663 JEFFERSON HIGHWAY
BATON ROUGE, LA 70806

KATIE D. BELL (APPELLANT)
ATTORNEY AT LAW
POST OFFICE DRAWER 3513
BATON ROUGE, LA 70821

FORREST E. GUEDRY (APPELLANT)
JAY M. JALENAK, JR. (APPELLANT)
JOHN F. JAKUBACK (APPELLANT)
LANA D. CRUMP (APPELLANT)
ATTORNEYS AT LAW
POST OFFICE BOX 3513
BATON ROUGE, LA 70821

HONORABLE JOEL T. CHAISSON, II
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-NINTH JUDICIAL DISTRICT
COURT
POST OFFICE BOX 680
HAHNVILLE, LA 70057